CALLEN v. COLLINS et al.

(Court of Civil Appeals of Texas. Feb. 25, 1911. Rehearing Denied March 16, 1911.)

1. EVIDENCE (§ 157*)—BEST EVIDENCE—CONTENTS OF WRITINGS.

Where a witness testifies that he scaled the timber on certain land, that he made a record of the amount scaled, but that he recollects the amount scaled independent of the entry in the scale book, it is error to sustain an objection to his testimony on the ground that the record in the scale book is the best evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 460–470; Dec. Dig. § 157.*]

2. EVIDENCE (§ 355*) — DOCUMENTARY EVIDENCE—ENTRY IN SCALE BOOK.

An entry in a scale book of the amount of timber scaled by the person making the entry cannot be received as independent evidence of the amount of such timber scaled, but can only be used in connection with the parol testimony of a witness for the purpose of refreshing his memory.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1484–1491; Dec. Dig. § 355.*]

3. EVIDENCE (§ 542*)—OPINION EVIDENCE—COMPETENCY OF EXPERT.

A witness who testifies that he has no independent experience as an estimator of timber, but that his experience has been confined to scaling timber, is incompetent to give an opinion as to the amount of timber taken from a tract of land.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2355; Dec. Dig. § 542.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by V. A. Collins and others against W. P. Callen. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Joe W. Thomas, for appellant. A. D. Lipscomb and V. A. Collins, for appellees.

PLEASANTS, C. J. This is a suit to recover the value of 200,000 feet of timber alleged by appellees to have been cut and removed from their land by the appellant. The only issues raised by the evidence were the amount and value of the timber taken by appellant. Upon these issues C. V. Sheffield testified for appellant, in substance, that he scaled or measured the timber cut from appellees' land by the appellant, and that his recollection was that it scaled about 75,000 feet, and that it was worth $1 per thousand feet. On cross-examination he stated that he had testified on a former trial of this case, and be believes he then testified that he was probably off (the work of scaling) a little time and did not scale all of the timber; that he did not testify on the former trial that he kept a record of the scale because he was not asked about it. He had no record at the present time and was now testifying from memory. He made a record of the scaling as the work was done and put it down in a scale book. Plaintiffs then objected to the testimony of this witness as to the

amount of timber taken by appellant, on the ground that the record made by him in the scale book was the best evidence of the amount of said timber. The trial court sustained this objection and instructed the jury not to consider said testimony. Thereupon the witness stated, in answer to a question propounded to him by appellant's counsel: "I am testifying from the best of my knowledge what the scale was. I am not testifying from any books when I make that statement; just absolutely from my recollection and own personal knowledge of what I did and what was there." Counsel for appellant then moved the court to reconsider his former ruling and allow the evidence to go to the jury. This motion was refused.

The first assignment of error complains of the ruling of the court withdrawing this testimony from the jury on the ground above stated.

The assignment must be sustained. If the inquiry had been what the record in the scale book showed as to the amount of this timber, the book itself would have been the best evidence of that fact, and the witness' recollection of what the book showed would not have been admissible unless the book was shown to have been lost or its nonproduction otherwise sufficiently accounted for. But this was not the issue here. The witness testified that he scaled or measured the timber, and in giving the number of feet he was speaking from his personal knowledge and recollection of the work done by him, and not from his recollection of what the figures put down by him in the scale book showed. He was testifying as to a fact which had been put in writing, and not as to the writing itself. The memorandum of the measurement made by the witness was not a contract or agreement in writing provable only by the writing itself, and the facts stated therein could be proved by oral testimony. This memorandum or entry in the scale book could not have been received as independent evidence of the amount of timber shown by the measurements made by the witness, and it therefore necessarily follows that parol evidence of the facts upon which said memorandum was based was admissible. A written memorandum of a fact shown to have been made by a witness at the time the fact came to his knowledge does not preclude the witness from testifying to such fact without producing the memorandum. As before said, such memorandum would not be admissible in evidence as proof of the facts to which it relates and could only be used in connection with the parol testimony of the witness for the purpose of refreshing his memory. McAlpin v. Ziller, 17 Tex. 508; Railway Co. v. Brown, 16 Tex. Civ. App. 93, 40 S. W. 608; 2 Enc. Ev. 298, and authorities there cited.

T. J. McNiel, a witness for plaintiffs, was permitted to give his opinion or estimate of

the amount of timber taken from the land by appellant, over appellant's objection that the witness' testimony as to his experience, or, rather, lack of experience, in estimating the amount of standing timber upon a tract of land, shows that he was not qualified to give his opinion or estimate of the quantity of timber taken from this land. On the question of his qualification to give his estimate of the quantity of the timber, this witness testified: "I have no independent experience myself of estimating timber. The experience I have had is where it was down and applied the measure to it, or with other parties making the scale. I have not been an estimator. I have been scaling timber quite a while, but have no experience in estimating timber. My business has been that of a log scaler, for the past 18 or 20 years. The only experience I have had in estimating standing timber was scaling timber when others had estimated it. No, sir; I cannot state from what I know of scaling timber, and, from what I have seen of scaling of timber, testify with some degree of accuracy of a certain amount of timber. I don't think any other man can."

We think the appellant's objection to the testimony of this witness giving his estimate of the quantity of timber cut from the land should have been sustained. The witness expressly states that he had had no experience as an estimator of standing timber, but only as a scaler or measurer of logs after they were cut, and that from his experience as a scaler he could not with any degree of accuracy state the quantity of timber on the land.

It cannot be said that it does not require expert knowledge or experience to enable one to make a reasonably accurate estimate of the number of feet of standing timber upon a particular tract of land. The evidence indicates that there are persons who are specially trained in estimating the quantity of standing timber on any given tract of land, and it cannot be doubted that the estimate of a person having such experience or training would be much more accurate than that of one with no experience on the subject. If the witness had claimed to be competent to make the estimate, his experience as a scaler and his general knowledge of the timber business might have entitled his estimate to admission, and his lack of experience as an estimator would have affected the weight rather than the admissibility of his testimony; but, when he stated that his experience had not been such as to enable him to give a reasonably accurate estimate, his testimony should not have been admitted. The second assignment of error, which complains of the admission of this testimony, must be sustained.

Both of the errors pointed out by the assignments before considered were material in view of the entire evidence shown by the record. It follows that because of said errors the judgment of the court below should be reversed, and the cause remanded, and it has been so ordered.

Reversed and remanded.