## MISSOURIA GLASS CO. v. ROBERTS.

(Court of Civil Appeals of Texas. Galveston. April 24, 1911. Rehearing Denied May 4, 1911.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS AND STATEMENTS ACCOMPANYING ASSIGNMENT.

In an action for commissions on the sale of goods, an assignment that the court erred in permitting plaintiff to be recalled after the jury had received the charge and retired to consider their verdict, and to testify, over objection, that the amount of accounts due by parties to defendant who had failed and not paid was about $1,100, the evidence showing that plaintiff did not know whether all the goods included in such accounts were shipped by defendant to customers or not, and his statement of the amount being hearsay, the statement of an opinion and conclusion, and the testimony showing that he kept and had a duplicate of the order which would show the amount of their account, and which would therefore be the best evidence, will not be considered, being insufficient to disclose the point relied on, and not being followed by any proposition or statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. EVIDENCE (§ 158*)—BEST AND SECONDARY EVIDENCE—FACTS EVIDENCED BY WRITING.

In an action for commissions on the sale of goods, parol testimony as to plaintiff's recollection of the amount of his sales was not rendered inadmissible by the fact that he kept duplicate slips for most of the sales, his testimony not being as to what the slips showed, but as to the facts, independently of what they showed.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 158.*]

3. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—RECEPTION OF EVIDENCE.

A contention that it was error to admit oral testimony of facts which might have been shown by letters in the witness' possession will not be sustained, where the letters were in fact introduced in evidence after the opposite party had closed its evidence; there being no contention that the court abused its discretion by admitting the letters at that stage of the proceedings.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1052.*]

4. PRINCIPAL AND AGENT (§ 89*)—CONTRACT—MODIFICATION—QUESTION FOR JURY.

In an action for commissions on the sale of goods, where the original contract for commissions at 12½ per cent. was modified so as to provide for commissions at 5 per cent. and traveling expenses, plaintiff's testimony that the change was to last only to July 1, 1908, and then they "were to go back," was sufficient to make a question for the jury, though the letters introduced to prove the modification did not specifically show that the change thereby made should be in effect only to July 1st, or to any other given time.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 89.*]

5. PRINCIPAL AND AGENT (§ 89*)—ACTION FOR COMMISSIONS—ISSUES AND PROOF—COUNTERCLAIM.

In an action for commissions on the sale of goods, where defendant pleaded a cross-action against plaintiff for the value of trunks, samples, etc., retained by plaintiff, and the plaintiff in a supplemental petition did not deny defendant's ownership, but declared that he would retain possession until the amount claimed by him from defendant was paid, he having no right to so retain them, evidence was admissible on behalf of defendant as to their value.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 89.*]

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Action by I. J. Roberts against the Missouria Glass Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

King & King, for appellant. Ingraham & Hodges, for appellee.

McMEANS, J. Appellee, Roberts, sued the appellant, the Missouria Glass Company, for a balance claimed to be due him as commissions on sales made by him of certain goods belonging to the appellant. He alleged that on May 9, 1907, he and appellant entered into a contract in writing, whereby he agreed to sell goods for appellant for the period of one year, and the latter agreed to pay him as compensation for his services a commission of 12½ per cent. on all sales made by him and accepted by both appellant and the purchaser, and a commission of 5 per cent. on sales of close outs, job lots, etc., at special prices; that appellee traveled and sold goods under said contract until January 27, 1908, during which time his commissions on sales aggregated $1,803.41; that on January 27, 1908, the contract was modified in writing, so that from said date until July 1, 1908, he was to receive 5 per cent. commissions upon all sales made by him, and, in addition thereto, his legitimate traveling expenses were to be paid by appellant; that his commissions for goods sold during that time amounted at 5 per cent. to $207.02. and his traveling expenses amounted to $388.90, aggregating $595.92; that he continued to sell goods for appellant from July 1, 1908, until December 12, 1908, and that his commissions of 12½ per cent. for goods sold during the period last mentioned amounted to $937.37; and that his commissions of 5 per cent. on close outs amounted to $45.41; and that the sale of three cases of certain goods he was entitled to a premium of $16, making a total of $3,438; and that appellant had paid him only $2,498.67, leaving a balance due him of $939.44 for which he sued.

The defendant answered by general denial, and specially denied that the change of the original contract on January 27, 1908, was to be operative only from that time until July 1, 1908, but pleaded that the contract was changed on the date mentioned, and that thereafter appellee was entitled to a commission of 5 per cent. only, and, in addition thereto, his legitimate traveling expenses until he quit appellant's employment; that he was not entitled to a commission of 12½ per cent. after July 1st, as claimed; and that it had paid to appellee all commissions and all traveling expenses due him,

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

except $281.17, which was admitted to be due and which appellant alleged it would pay to him upon the return by appellee of the trunks, samples, etc., belonging to it in appellee's possession, of the alleged value of $273. In addition to said pleas, appellant filed a cross-action against appellee for $273, the alleged value of the trunks, samples, etc., and prayed that the same be allowed as a set-off against any amount that might be found to be due the appellee. In reply to appellant's cross-bill appellee admitted holding possession of the samples, etc., furnished him by appellant, and alleged his willingness to deliver the same to appellant when appellant should pay him the amount he claimed, viz., $939.44, with 6 per cent. interest from January 1, 1909. The case was tried before a jury and resulted in a verdict and judgment for appellee for $613.11, from which appellant, after its motion for a new trial had been overruled, prosecuted this appeal.

Appellant's fifth, seventh, ninth, and eleventh assignments are grouped, and are as follows:

"Fifth. The court erred in allowing plaintiff to testify over the objection of the defendant to the gross amount of goods which he sold for defendant during the years 1907 and 1908, upon which he was entitled to a commission, the evidence showing the plaintiff kept and had duplicate order books from which the gross amount of goods so sold by him for defendant and upon which he was entitled to a commission, and the same could be determined, and was therefore the best evidence of such fact, and, in the absence of a showing that such duplicate order books were lost or destroyed, secondary evidence of their contents was inadmissible, as shown by defendant's bill of exception No. 2.

"Seventh. The court erred in permitting the plaintiff to testify, over objection of defendant, that he had never authorized defendant to charge his account with any of the various items, as shown in account rendered to him by defendant, aggregating the sum of $96, with which defendant had charged plaintiff, and being certain deductions from account to customers to whom plaintiff had sold for defendant, made by plaintiff with the customer, in settlement of the account, the evidence of the plaintiff having shown that he had received letters from the defendant authorizing the settlement made, and the letters were therefore the best evidence upon the issue as to whether or not such deductions were properly charged to the plaintiff's account, and should have been offered upon this issue, in the absence of a showing of the loss or destruction of such letters, such as would justify the introduction of secondary evidence of their contents, and shown by defendant's bill of exception No. 3.

"Ninth. The court erred in permitting the plaintiff, after the defendant had closed its case, over defendant's objection, to introduce in evidence certain letters received by him

from the defendant authorizing plaintiff to make certain rebates and deductions to certain of his customers, which defendant had charged to plaintiff's account, and which constituted a part of the $96, the same being original testimony, and not in rebuttal to any evidence introduced by the defendant, and admissible, if at all, only as original evidence in behalf of the plaintiff in making his original case, as shown by defendant's bill of exception No. 5.

"Eleventh. The court erred in permitting the plaintiff to be recalled after the jury had received the charge of the court and had retired to consider of their verdict, and to testify, over objection of defendant, in answer to a question propounded by the jury to the court, that the amount of accounts due by parties to defendant who had failed and not paid designated as bankrupt accounts was about $1,100, the evidence showing that plaintiff did not know whether all the goods included in such account were shipped by defendant to the customer or not, and his answer and statement of the amount was hearsay, and the statement of his opinion and conclusion, and, further, because the testimony of the plaintiff showed that he kept and had a duplicate of the orders taken from such parties, which would show the amount of their accounts, and the same was therefore the best evidence upon this issue, and should have been introduced instead of secondary evidence of such facts, there having been no testimony showing the loss or destruction of such books, but it affirmatively appears that plaintiff had such duplicate order books in his possession, as shown by defendant's bill of exception No. 7."

[1] The eleventh assignment does not sufficiently disclose the point relied on, and is not followed by any proposition applicable to any of the matters raised by it, and, in addition, there is no statement appended which relates even remotely to the matters complained of therein. For these reasons it will not be considered.

[2] The first proposition under the fifth, seventh, and ninth is: "If during the course of a trial the testimony of a witness discloses that the matter about which he is testifying is in writing, and that there is evidence of a higher degree concerning such facts, his testimony upon objection should be excluded and the party offering the same be required to produce such higher degree or best evidence disclosed." The witness was testifying to the gross amount of sales made by him during the time he was in appellant's employment. He testified that he had duplicate slips for most of the sales he made in 1907, and, continuing, said: "My recollection is, without them, it was $14,350 under the 12½ per cent. commission and under the 5 per cent. commissions I sold $4,340, and from July 1 to December 12 (1908), I sold about $8,000, and under the job lots about $908. I kept no accounts except du-

.plicate slips. I could not keep all these things in my mind. I kept my duplicate books—sometimes I ran out of duplicate slips and could not keep, or did not keep, a list of all of them." It is clear that the witness was testifying from memory as to the amount of his sales, and was not undertaking to testify what the duplicate slips showed—to a fact which had been put partly in writing and not as to the writing itself. If the inquiry had been what the duplicate slips showed, the slips would have been the best evidence of that fact, and the witness' recollection of what the slips showed would not have been admissible, unless the slips were shown to have been lost or their nonproduction otherwise sufficiently accounted for. The slips which showed the amount of his sales were no part of any contract or agreement in writing provable only by the writing itself, and the mere fact that the slips themselves showed the amount of the sales would not render oral testimony inadmissible to prove such amount by the independent recollection of the witness. Callen v. Collins, 135 S. W. 651, recently decided by this court.

[3] The ninth assignment answers the seventh. In the latter it is complained that certain oral testimony was admitted to prove a fact which might have been shown by letters in the witness' possession, and in the former it was shown that these letters were introduced, but complaint is made that they were offered and admitted after appellant had closed its evidence. It is not contended that, by admitting the letters at that stage of the proceedings, the court abused the discretion vested in him by law. The assignments are overruled.

[4] Appellant requested the court to give to the jury the following special charge: "In this case you are instructed that the evidence in the case showing that the contract of date May 9, 1907, was changed by mutual consent of the parties, so as to allow the plaintiff a commission of 5 per cent. on all executed and accepted sales of goods by the plaintiff for the defendant, and his legitimate traveling expenses, and that the same was never changed thereafter, you will allow the plaintiff a commission of only 5 per cent. on goods sold by him, executed by the defendant, and accepted by the purchaser, from January 27, 1908, until he ceased to work for the defendant, together with the traveling expenses incurred by him, and reported to the defendant." The refusal of the court to give this charge is made the basis of appellant's thirteenth assignment of error. We think there was no error in refusing to give the charge. It is true that the letters introduced to prove the modification of the original contract do not specifically show that the change thereby made should be in effect only until July 1st,

or for any other given time. But appellee testified without objection that the change was to last only until July 1st, and then "we were to go back." We think this testimony was sufficient to make the question one for the jury, and that the court should not have taken it from the jury, as it would necessarily have done had the charge been given. The assignment is overruled.

[5] Appellant offered testimony on the trial tending to prove that the trunks, samples, etc., belonging to it and in appellee's possession, were of the reasonable market value of $273.60. The testimony was rejected by the court upon appellee's objection that the same was "irrelevant and immaterial, and because the defendant could not recover upon its cross-action and plea of set-off against plaintiff for the value of said goods," and this action of the court is assailed by the tenth and twelfth assignments.

Appellant pleaded a cross-action against appellee for the value of the trunks, samples, etc., which it alleged the appellee was withholding from it. While appellee does not in his supplemental petition deny appellant's ownership, he does declare that he will retain the possession until the amount claimed by him to be due from appellant is paid. Clearly he had no such right, and his retention of the goods in order to enforce payment of the amount he claimed to be due him, or for any other reason, was such a denial of appellant's right of possession as to authorize the latter to bring suit for their recovery or for their value, and we see no good reason why it should not present its claim, as it did, in a cross-action to appellee's suit. This being true. it was incumbent upon appellant to prove not only what the articles were which were thus being withheld by appellee, but their value, and this appellant was undertaking to do by the testimony which was rejected. It follows, therefore, that the exclusion of the testimony was error for which the judgment of the trial court must be reversed.

We have carefully examined all the assignments presented by appellant, and are of the opinion that, with the exception noted, the assignments point out no reversible error.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.