HOUSTON BELT & TERMINAL RY. CO. v. VOGEL et ux.

(Court of Civil Appeals of Texas. Galveston. April 11, 1913. Rehearing Denied April 24, 1913.)

1. APPEAL AND ERROR (§ 742*) — BRIEFS — PROPOSITION.

In an action against a railroad company for damage to property by the construction of tracks near it, appellant railroad company assigned error in admitting evidence as to the market value of the property and supported the assignment by a proposition which recited that the court committed error to defendant's prejudice in permitting plaintiff to testify over defendant's objection and in refusing to sustain defendant's objections to such testimony, that before the railroad was constructed the property was worth about $6,000 or $7,000 per lot, and that it was then worth from $6,000 to $8,000 per lot, plaintiff theretofore having testified that he did not know the market value of the property and was not acquainted with the market value of property in that vicinity, and this defendant having objected to said testimony of the plaintiff upon the ground that plaintiff had testified that he did not know the market value of said property and hence was not qualified to testify with respect thereto, to which ruling defendant excepted, all of which more fully appeared from defendant's bill of exceptions No. 1. *Held*, that the assignment of error sufficiently complied with the Court of Civil Appeals Rules 24 and 25 (142 S. W. xii), in that it sufficiently pointed out that part of the proceed-

ing in which error was complained of in a manner so as to identify it and was sufficient as a proposition.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. APPEAL AND ERROR (§ 742*) — BRIEFS — STATEMENTS—SUFFICIENCY.

A copy of the bill of exceptions taken to the admission of certain evidence *held* sufficient as a statement under the court rules.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. EVIDENCE (§ 474*) — OPINION EVIDENCE — VALUE.

A witness who testified that he did not know the value of certain lots was not competent to give an opinion thereon.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

4. EVIDENCE (§ 498½*)—OPINION EVIDENCE—COMPETENCY OF WITNESS—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that plaintiff did not know the market value of real property involved so as to be competent to give opinion on its value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2290, 2291; Dec. Dig. § 498½.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by John Vogel and wife against the Houston Belt & Terminal Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Andrews, Ball & Streetman, of Houston, for appellant. John Lovejoy and Presley K. Ewing, both of Houston, for appellees.

McMEANS, J. This suit was brought by John Vogel and his wife, Christine Vogel, against the Houston Belt & Terminal Railway Company, the Trinity & Brazos Valley Railway Company, the Gulf, Colorado & Santa Fé Railway Company, the Beaumont, Sour Lake & Western Railway Company, and the St. Louis, Brownsville & Mexico Railway Company, for damages alleged to have been sustained by them through the depreciation of their property in the city of Houston, consisting of certain lots of land upon which their residence is situated, caused by the construction and operation of railroad tracks in the vicinity thereof. Afterwards plaintiffs dismissed their suit against all the defendants except the Houston Belt & Terminal Railway Company. The case was tried before a jury and resulted in a verdict and judgment for plaintiffs for $3,812.66½, and from this judgment the defendant has appealed.

The issue of whether the construction of the defendant's railroad in the vicinity of plaintiffs' property, and the operation of engines and cars thereover, had depreciated the market value of the property or enhanced such value was sharply contested. Several witnesses testified for defendant that plaintiffs' property, and other property similarly situated with reference to the tracks, by reason of the construction of the road in the

vicinity had been increased in value, while certain witnesses for plaintiffs testified that the building and operation of the road had caused a depreciation of its market value. Plaintiff John Vogel was called to testify in his own behalf, and testified that there had been a depreciation. His testimony was objected to on the ground that he had not shown himself qualified to testify as to the market value of his lots just before and just after the construction of the railroad. The objection was overruled, and this action of the court is made the basis of appellant's fifth assignment of error, which is submitted as a proposition and which is as follows: "The court committed error, to the prejudice of this defendant, in permitting the plaintiff John Vogel to testify over the objections of this defendant, and in refusing to sustain the objections of this defendant to the testimony of the plaintiff John Vogel, that, before the railroad in question was constructed and operations begun thereon, the property in question was worth about $6,000 or $7,000 per lot, and that said property was then worth from $6,000 to $8,000 per lot, the said plaintiff, John Vogel, theretofore having testified that he did not know the market value of said property, and was not acquainted with the market value of the property in that vicinity, and this defendant having objected to said testimony of the plaintiff, John Vogel, upon the ground that the plaintiff had testified that he did not know the market value of said property, and hence was not qualified to testify with respect thereto, to which ruling of the court the defendant duly excepted, all of which will more fully appear from this defendant's bill of exception No. 1 herein."

[1] Appellees object to the consideration of this assignment on the ground that the same is not a proposition in itself and is followed by none, and that besides which there is no statement thereunder tending to show whether, if error was committed, it was or was not reasonably calculated to prejudice the defendant or produce an improper judgment against it. The objections, we think, are not tenable. The assignment conforms to rules 24 and 25 (142 S. W. xii), in that it distinctly specifies the ground of error relied on, and sufficiently points out "that part of the proceeding contained in the record in which the error is complained of, in a particular manner so as to identify it," and is, in itself, sufficient as a proposition.

[2] The statement following the assignment consists of a copy of the bill of exceptions taken to the admission of the evidence objected to and is, we think, a sufficient statement under the rules. The bill of exceptions is as follows: "Be it remembered that upon the trial of the above numbered and entitled cause, the plaintiff John Vogel, on the examination in chief of him by his attorneys, among other things testified, as shown by the statement of facts, as follows: 'At the time

of the construction and the beginning of operation of this road in question I was not acquainted with the value of property in that neighborhood; there never had been no transfers that were made by anybody. I think my own property was worth just as much at that time for me, that is, my home, as my homestead, as it was worth to the company that they bought for their operations. I am not acquainted with the market value of my own property. I built that place for a home; it was not fit for anything else but a home. All the property around me just before the construction and operation of this road was being used for dwelling purposes. So far as it was improved, it all had dwelling houses on it and was used and occupied for dwelling purposes. I was especially acquainted with this property and the uses to which it was being put at that time, and the uses that it was fit for. I have been living on this property that I have for going on 26 years; I have been living there in that neighborhood that long.' Thereupon the plaintiff's attorney asked him this question: 'From your acquaintance with this property and the uses and advantages of similar property in that neighborhood, what in your opinion was the fair market value of this property, taking in view any use to which it might be put just before the construction and operation of this railroad?' To which question the defendant's attorney objected, saying: 'We interpose the objection that the witness stated that he didn't know what the market value was and didn't know of a sale of property in that neighborhood.' Which objection the court then and there overruled. 'I mean without the railroad there, just before they put the railroad there, without the railroad or its operation. What was the fair market value of the property at that time? How much was it worth, in your opinion, the whole property with the improvements? How much was it worth, the fair market value without the railroad there?' To which the witness answered: 'I think my whole property, with its improvements, its fair market value without the railroad there, was about $6,000 or $7,000 a lot. I had two lots and an eighth. Of course, that would be with the improvements, but it was not for sale; I didn't want to sell it; it has never been on the market. I said that I had two lots and an eighth; it measures up two lots and 25 square feet. It is 25 feet of lot 12, the key lot. I think it was worth about $6,000 or $7,000 a lot with the improvements on it, just like it stood then; I don't think it's worth anything more.' To which action of the court in overruling said objection and in admitting said answer the defendant then and there in open court excepted. Thereupon the witness was asked by his attorney the following question: 'What in your opinion was the

fair market value of this property for any use to which it might be put before the road was built there and began to run its trains there?' Thereupon the defendants renewed their objections, saying, 'The court understands that our objection goes to all of this,' to which the court responded in the affirmative. The witness then answered the question as follows: 'As to what it was worth, taking into consideration any use to which it might be put, just before the railroad was put there, without. the road, with no railroad there, I don't know what it was worth. I know what it was worth to me, but I couldn't testify what it was worth, its market value; I know what it was worth to me to live. on at that time. I don't know what it was worth for any other man to. live on.' Thereafter the question was renewed by the plaintiff's attorney and was answered by plaintiff as follows: 'Before the railroad was constructed through there, I think that that property was worth just as much as the railroad has been paying to other people; I think -it was worth from $7,000 to $8,000 a lot; that includes the improvements.' Thereupon the plaintiff's attorney asked the plaintiff the following question: 'Now, Mr. Vogel, what was the fair market value of the property for any use to which it might be put after the road was built and constructed there, and has been since, after they commenced operating trains there?' Thereupon the defendants renewed their said objection and exception, and the court remarked that he would treat the objection as going all the way through the testimony. The witness then answered: 'I say that since the road was put there it ain't worth more than $1,000, as it stands, for dwelling purposes.' Thereupon the witness was again asked by his attorney: 'What in your opinion was the fair market value of this property for any use to which it might be put- before the road was built there and began to run its trains there, you said awhile ago?' To which the witness answered: 'I said awhile ago that it was worth from $6,000 to $8,000.' Thereupon the witness was again asked by his attorney what was the fair market value of the property for any use to which it might be put after the road was built and constructed and had been since after they commenced operating trains there, and the witness again responded: 'For residence purposes it ain't worth more than $1,000 a lot since the building and construction there of the road and after they commenced operating trains over it.' Thereafter the witness was again asked substantially the same question by his attorney, and again responded: 'It ain't worth more than $1,000 for dwelling purposes, and it might be less.' Thereupon the defendants objected and moved that the answer of the witness be stricken out, upon the ground that he had stated that he did not know the market value of the property, which objection and motion were by the court overruled. All of the aforesaid objections, repeated as aforesaid, and allowed as extending throughout said testimony so far as applicable, the court overruled and allowed the answers of the witness, as aforesaid, to be introduced in evidence, and to each of the rulings of the court in each of the particulars aforesaid the defendants then and there in open court excepted as and when the same were so made, and this bill of exceptions is here now tendered by the defendants in this behalf, with the request that the same be examined, approved, and ordered filed as a part of the record in this cause, which is accordingly done."

[3] Before plaintiff could be allowed to testify as to the market value of his lots, either before or after the construction of the road, he must have shown himself qualified to speak. This he did not do, but, on the contrary, expressly stated that he did not know what such value was; nevertheless he was permitted to give his opinion. His testimony in the circumstances was improperly received. Callen v. Collins, 135 S. W. 651.

[4] But appellees contend that the testimony was admissible because it was shown by the testimony of plaintiff in that connection that he was especially acquainted with the property and to the uses to which it was being put at that time and the uses that it was fit for, and that in answering that he was not acquainted with its market value he added that "there never had been no transfers that were made by anybody" in that immediate locality, thus showing that he meant he did not know the value in the sense there had been no sales to accurately determine it. We think an answer to this contention is found in the language of the witness, where he says: "As to what it was worth, taking into consideration any use to which it might be put, just before the railroad was put there, without the railroad, with no railroad there, I don't know what it was worth. I know what it was worth to me, but I couldn't testify what it was worth, its market value; I know what it was worth for me to live on at that time; I don't know what it was worth for any other man to live on." The error in admitting the testimony requires a reversal.

We have carefully examined the other assignments of error and their several propositions presented by appellant in its brief, and are of the opinion that none of them are well taken, and they are severally overruled.

For the error indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.