ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. KERR. (No. 8311.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 29, 1916. Rehearing Denied March 4, 1916.)

1. APPEAL AND ERROR ⟷1064(1)—TRIAL ⟷229—CARRIAGE OF LIVE STOCK—INSTRUCTIONS—REPETITION.

In a suit for damages to a shipment of cattle, an instruction repeating all the issues of negligence which had already been submitted in the instructions gave undue emphasis to those issues, harmful to the defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219; Dec. Dig. ⟷1064(1); Trial, Cent. Dig. §§ 475, 513, 525, 553; Dec. Dig. ⟷229.]

2. EVIDENCE ⟷474(19)—OPINION EVIDENCE—VALUE OF LIVE STOCK—KNOWLEDGE OF WITNESS.

In a suit for damages to a shipment of live stock, where a witness for plaintiff had testified that he did not know the market value of such cattle at destination, his estimate that, if the cattle had reached destination in good condition, they would have been worth on the market from $1.50 to $2.50 a head more than in the condition when they arrived, was a mere guess, and inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2218; Dec. Dig. ⟷474(19).]

3. TRIAL ⊙=251(3)—INSTRUCTIONS—APPLICA-
BILITY TO PLEADING AND ISSUES.

In a suit for damages to a shipment of cat-
tle, where defendant made a general denial of
its negligence, it was entitled to an instruction
that if any of the alleged injuries to the cattle
were due to the inherent nature or proper vice
of the animals, and not caused by any alleged
negligence on its part, no damages could be al-
lowed for such injury.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 590; Dec. Dig. ⊙=251(3).]

4. CARRIERS ⊙=227(3) — INJURY TO LIVE
STOCK—PLEADING.

In such suit, it was not necessary for de-
fendant to specially plead the defense of injury
from the inherent propensities of the animals,
but proof thereof would be admissible under its
general denial of the negligence charged against
it, unless it could be said that the evidence
showed some inherent vice in the particular
cattle not common to cattle generally.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. § 956; Dec. Dig. ⊙=227(3).]

5. TRIAL ⊙=253(1)—INJURY TO LIVE STOCK—
INSTRUCTIONS—IGNORING ISSUES.

In a suit for damages to a shipment of cat-
tle based on allegations of negligence in several
respects, an instruction submitting the converse
of the theories on which plaintiff was to re-
cover, omitting one of the issues of negligence,
was erroneous.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 613, 614; Dec. Dig. ⊙=253(1).]

6. APPEAL AND ERROR ⊙=216(1) — ASSIGN-
MENT OF ERROR—REQUESTS FOR INSTRUC-
TIONS.

In such case, defendant could not be heard
to complain of the omission in the appellate
court, in the absence of a requested instruction
thereon.

[Ed. Note.—For other cases, see Appeal and
Error, Dec. Dig. ⊙=216(1); Trial, Cent. Dig.
§ 637.]

7. TRIAL ⊙=252(7) — INSTRUCTIONS — CON-
FORMITY TO EVIDENCE.

In a suit for damages to a shipment of cat-
tle, where there was no evidence of a want of
care in loading the cattle, an instruction that a
want of care would be negligence was without
support in the evidence.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 602; Dec. Dig. ⊙=252(7).]

8. APPEAL AND ERROR ⊙=1058(1)—HARMLESS
ERROR—CUMULATIVE EVIDENCE.

In a suit for damages to a shipment of cat-
tle, the refusal to admit a record made by a
witness who was live stock inspector at the mar-
ket and who inspected the cattle on arrival, pur-
porting to show the condition of the cattle and
of the car, was not error, where the witness
testified to the same facts from actual memory.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4195, 4200; Dec. Dig. ⊙=
1058(1).]

Buck, J., dissenting in part.

Appeal from Tarrant County Court; Chas.
T. Prewitt, Judge.

Suit by Edgar Kerr against the St. Louis
Southwestern Railway Company of Texas.
Judgment for plaintiff, and defendant ap-
peals. Reversed and remanded.

Thompson & Barwise and George Thomp-
son, Jr., all of Ft. Worth, for appellant.
Templeton & Milam and C. A. Wright, all
of Ft. Worth, for appellee.

DUNKLIN, J. Edgar Kerr instituted this
suit against the St. Louis Southwestern Rail-
way Company of Texas to recover damages
for alleged injuries to a shipment of cattle
over the defendant's railway from the town
of Commerce, to the city of Ft. Worth, and
from a judgment in plaintiff's favor the de-
fendant has appealed.

The suit was based upon allegations of
negligence in the following respects: (1) In
failing to provide suitable pens at Commerce
for holding the stock until they could be
shipped; (2) that the cattle were held in
such pens awaiting shipment for an un-
reasonable length of time; (3) that the cars
in which the cattle were shipped were over-
loaded; and that, after starting them from
Commerce to Ft. Worth, they were rough-
ly handled and unreasonably delayed. By
reason of all of which alleged negligence
plaintiff claimed that the cattle were crippled
and bruised, suffered a shrinkage in flesh,
and became stale in appearance, and thereby
their market value was greatly depreciated.

The first four paragraphs of the court's
charge were as follows:

"(1) 'Ordinary care,' as that term is used in
this charge, means such care as a person of
ordinary caution or prudence would use under
the same or similar circumstances. A failure
to use such care constitutes negligence.

"(2) It was the duty of the defendant to ex-
ercise ordinary care to keep and maintain its
stock pens at Commerce in reasonably good con-
dition for the handling of such stock as were
tendered to it for shipment at such station, and
a failure so to do would constitute negligence.

"(3) It was also the duty of the defendant to
exercise ordinary care to run and operate its
freight trains for the transportation of freight
over its lines of railway at regular times, and
to operate same for the transportation of such
freight as was tendered to it for shipment with
ordinary care and dispatch, and a failure so to
do would constitute negligence.

"(4) It was also the duty of the defendant,
upon receiving plaintiff's cattle in its shipping
pens at Commerce, to exercise ordinary care
to load and transport said cattle at and from
said station to their destination at Ft. Worth
within a reasonable time; and it was further
the duty of said defendant to so transport said
cattle, and to handle them while in its posses-
sion with ordinary care and dispatch, and to
avoid injuring them unnecessarily. A failure to
exercise such care in loading handling and
transporting said cattle would be negligence."

[1] In the fifth paragraph of the charge,
the same issues of negligence already submit-
ted in the second, third, and fourth para-
graphs were again submitted, in connection
with an instruction that if any one or more
of such allegations of negligence was or were·
sustained by proof, and if the jury should
find that the same·was the proximate cause
of the alleged injuries to the cattle, if any,
and their market value was thereby depreci-
ated, then a verdict should be returned in
favor of the plaintiff for the amount of such
depreciation. We are of the opinion that,
in thus repeating in the fifth paragraph all
of the issues of negligence which had already

been submitted in the preceding paragraphs, undue emphasis was given to those issues which was probably harmful to the appellant, as insisted in one of its assignments of error.

[2] Marvin Thompson, a witness for the plaintiff, over the defendant's objection was permitted to testify that, if the cattle had reached Ft. Worth in good condition they would have been worth on the market from $1.50 to $2.50 per head more than they were worth in the condition they were in when they reached their destination. This witness had already testified that he did not know the market values of such cattle in Ft. Worth, and, based upon that testimony, the defendant objected to the estimate already mentioned, for the reason that he had not properly qualified to give such estimate. Under the circumstances, the estimate of damages so given by the witness necessarily involved a mere guess, and the objection urged to it should have been sustained. A different question would have been presented if the witness had estimated the depreciation on a percentage basis, rather than in specified sums. H. B. & T. Ry. v. Vogel, 156 S. W. 261.

[3, 4] We are of the opinion, further, that the court should have given an instruction to the jury, in effect, that if they should find that any of the alleged injuries to the cattle were due to the inherent nature or proper vice of the animals, and not caused by any alleged negligence on the part of the defendant, then for such injuries no damages could be allowed. Nor do we think that it was necessary for the defendant to specially plead that defense, unless it could be said that the evidence showed some inherent vice in these particular cattle which was not common to cattle generally. Certainly, proof upon that issue would be admissible under the general denial of the negligence that was charged against the defendant, and, such being true, the defendant would be entitled to an instruction presenting such facts affirmatively in the court's charge. Wells Fargo Express Co. v. Benjamin (Sup.) 179 S. W. 513; F. W. & D. C. Ry. v. Berry, 170 S. W. 128.

It may be, as insisted by the appellee, that the requested instruction upon that issue was argumentative in form, and therefore properly refused; but even if that be true, the court should have given a proper instruction in the main charge presenting that defense, in view of the exception taken to the action of the court at the time in failing so to do, and which refusal is made the basis of another assignment of error. Olds Motor Works v. Churchill, 175 S. W. 785.

We are of the opinion that by reason of the three errors noted above, considered as a whole, the judgment should be reversed, and the cause remanded, even though it could be said that any one of those errors considered alone would not be sufficient to require such reversal.

[5-7] We deem it proper to notice two other criticisms made by appellant of the court's charge, neither nor both of which would constitute reversible error, but which should be avoided upon another trial; one of which is that, in submitting the converse of the theories upon which plaintiff sought a recovery, one of the issues of negligence was omitted. Of course, defendant could not be heard to complain in this court of that omission, in the absence of a requested instruction thereon. The other criticism is to that part of the fourth paragraph of the charge wherein the jury were told, among other things, that a failure to exercise care in loading the cattle would be negligence. The complaint made of that instruction is that there was no pleading or evidence raising that issue, which contention is borne out by the record. It is not probable that, reading paragraph 4 of the charge as a whole, the jury interpreted it in the manner suggested by the criticism mentioned. But we suggest that it would be advisable to so frame the charge on another trial as to avoid that criticism.

[8] We are of the opinion that there was no error in the court's refusal to admit in evidence a certain record made by the witness A. J. Ankerson, live stock inspector at Ft. Worth, who inspected the plaintiff's cattle at the time they were unloaded in Ft. Worth, such record purporting to show the condition of the cattle and of the car at that time, especially as the witness testified to the same facts from actual memory.

For the reasons noted, the judgment is reversed, and the cause remanded.

BUCK, J., dissenting to action of majority on fifth assignment, but concurring in the reversal of judgment on other assignments.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.