### DUGGAN v. MERRITT. (No. 2860.)

Court of Civil Appeals of Texas. Amarillo.
Sept. 14, 1927.

1. **Appeal and error ☞1058(2)—Exclusion of testimony of witness recalled which was substantial repetition of previous testimony, if error, held harmless.**

In action for damages to automobile, exclusion of testimony of witness recalled as to value of automobile before the injury, estimated from a dealer's price list, which would have been a substantial repetition of witness' previous testimony as to the value of the automobile, if error, *held* harmless.

2. **Trial ☞352(1)—Submission of issues supported by evidence and specifically pleaded held proper, notwithstanding contention that they were repetition of issues already submitted and unduly emphasized appellee's theory.**

Where issues submitted were specifically pleaded, and the evidence, though controverted, was sufficient to go to jury, submission *held* proper, notwithstanding contention that they were a repetition of issues already submitted and gave undue emphasis to appellee's theory.

Appeal from Potter County Court; Sam B. Motlow, Judge.

Suit by Frank Merritt against A. O. Duggan. Judgment for plaintiff, and defendant appeals. Affirmed.

Trulove & Frazee, of Amarillo, for appellant.

Umphres, Mood & Clayton, of Amarillo, for appellee.

JACKSON, J. This suit was instituted in the county court of Potter county, Tex., by the appellee, Frank Merritt, against the appellant, A. O. Duggan, to recover $228.50 as damages to appellee's car, alleged to have been occasioned by a collision between the car of appellant and the car of appellee, caused by appellant's negligence, while both parties were traveling a public highway.

The acts of negligence alleged by appellee, necessary to dispose of this appeal, are that appellant was driving at a rate of speed in excess of 35 miles per hour; attempted to pass appellee's car at a high, reckless, dangerous, and unlawful rate of speed; did not have his automobile under control; passed appellee's car at a high, dangerous, and reckless rate of speed; swerved his automobile to the right as he passed, and knocked appellee's car into a ditch; drove to the right in passing before his automobile had cleared appellee's car; that he failed to make known his intention of passing appellee by giving any signal of such intention.

Appellee alleges the value of his car immediately before and after the collision, that he had been forced to expend $7 to have his car towed in to Amarillo after the collision, and $6.50 for storage, alleges the reasonableness of such charges and the necessity therefor, and sufficiently pleads his damages, all of which he charges were due to the alleged negligence of appellant.

Appellant answered by general and special exceptions, general denial, and specifically pleaded that the accident was caused solely by the negligence of appellee in failing to keep a proper lookout for cars on the highway, in failing to heed the warning signals

which appellant gave, maintaining his position in and near the center of the highway instead of driving on the right and proper side thereof; that such acts and omissions without any fault or negligence of appellant proximately caused the accident; that, if appellant was guilty of any negligence, which he expressly denied, the accident and damage to appellee's automobile was caused by his concurring and contributory negligence in doing and omitting to do the things above alleged, which constituted contributory negligence and was the proximate cause of the accident, and damage to appellee's car.

The court defined "ordinary care," "negligence," and "proximate cause," and, in response to special issues submitted in the main charge, the jury found that appellant at the time of the accident was driving his automobile at a rate of speed exceeding 35 miles per hour; that he attempted to pass appellee's car at a high, reckless, and dangerous rate of speed; that he was driving his car without having it under control; that he passed appellee's car at a high, dangerous, and reckless rate of speed; that he swerved his automobile sharply to the right in front of appellee's car; that he drove to the right side of the road before his automobile was clear of appellee's car; that he attempted to pass appellee's car without making known his intention to do so by sounding audible and suitable signals; that the towing and storage bills of $13.50 were necessary, just, and reasonable; that the reasonable market value of appellee's car, immediately prior to the collision was $225, and immediately after the collision $35; that appellant's negligence in the particulars set out was the proximate cause of the damage.

The court gave appellant's special charge defining contributory negligence, and, in response to special issues given at the request of appellant, the jury found that appellee was not guilty of contributory negligence, and that, at the time the accident occurred, appellee was driving his car along the usual and proper place for cars to occupy, having due regard for cars that might desire to pass him.

In accordance with the verdict, the court rendered judgment for appellee in the sum of $203.50, with interest thereon at the rate of 6 per cent. per annum, from the date thereof, and for costs, from which judgment this appeal is prosecuted.

Appellant assails as error the action of the trial court in excluding, on objection, the testimony of his witness Gray, as to the value of appellee's secondhand car, which was a Ford coupé, immediately before the accident, based on the value of such secondhand cars, as shown by a price list furnished and used at a regular secondhand car market, at which the witness was employed as a salesman. The record discloses that the price list was made up weekly by the Cooper-Irvin Motor Company, and furnished to witness and its other salesmen. The list fixed the price that said motor company demanded for secondhand cars, accepted by it as part of the consideration for new cars. It was therefore not a market report of the market prices of secondhand automobiles, but was a schedule of prices for which one dealer would sell such secondhand cars. Houston Packing Co. v. Griffith (Tex. Civ. App.) 164 S. W. 431.

[1] The witness was permitted to testify that the Cooper-Irvin Motor Company is the regular Ford dealer in Amarillo, and in connection with its business maintained a regular secondhand car market, with which he was connected as salesman; that he was acquainted with the market value of such secondhand cars as appellee's, at the date of the accident; that the cars handled by said motor company were those taken in on the purchase price of new cars; that the salesmen were furnished each week with a sales list, giving the price at which they were required to sell secondhand cars, and could not deviate therefrom; that he knew the market value of such cars as appellee's is described to have been on the date of the accident, and that the market value thereof would not exceed $175, and could run as low as $125; that he based his judgment of its value on the price list furnished him by his employer. After this testimony was introduced and the witness excused, appellee called Bob Morris, who testified that, about the time this accident occurred, the witness Gray tried to sell him a secondhand 1923 model Ford coupé for $325. Gray was then recalled, and denied that he ever showed Mr. Morris a 1923 model Ford coupé and priced it at $325, and stated that, after he had been excused from the stand, he had found a price list furnished by his company to its salesmen, and offered to testify that the said price list showed that cars of the make, model, and description of appellee's car, at the date of the collision, were listed at prices ranging from $125 to $175, and therefore, in his opinion, the market value of the said car immediately preceding the accident was not to exceed $175.

If this statement had been admitted, it would have been a substantial repetition of the testimony theretofore given by this witness, and the exclusion thereof was not reversible error. Galveston, H. & S. A. Ry. Co. v. Smith, 100 Tex. 267, 98 S. W. 240; St. Louis & S. W. Ry. Co. v. Kerr (Tex. Civ. App.) 184 S. W. 1058; Sanitary Mfg. Co. v. Gamer (Tex. Civ. App.) 201 S. W. 1068; M. K. & T. Ry. Co. v. Johnson (Tex. Civ. App.) 193 S. W. 728.

Appellant urges as error the action of the court in refusing to submit to the jury at his request whether the appellee, at the time of the accident, was keeping a proper lookout for cars which might pass him on the high-

way, and whether he was giving proper care and attention to driving his car at the time the accident occurred.

It will be noted that the jury found, in response to special issues given at the request of appellant, that appellee was not guilty of contributory negligence, and that he was driving his car in the usual and proper place, having due regard for cars that might desire to pass him.

In view of the pleadings and the issues submitted, on appellant's defense, it was not error to refuse the submission of said issues, and these assignments are overruled.

[2] Appellant assigns as error the action of the court in submitting certain special issues in his main charge, because such issues were not raised by the testimony, but, if raised, the submission thereof was a repetition of issues already submitted, and gave undue emphasis to appellee's theory of the case. Each issue submitted by the court was specifically pleaded by the appellee, and the evidence, though controverted, was sufficient to authorize the submission, and the finding of the jury thereon is supported by the testimony.

The appellant challenges as erroneous the definition of "market value" given by the court in his main charge, but admits that the definition as given is correct as an abstract proposition of law, but contends that, under the facts and circumstances of this case, it was error. This contention is not tenable.

Finding no error in the record, the judgment is affirmed.