No. 88-565

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ANNA G. REITER,

        Plaintiff and Respondent,

-vs-

EDWARD L. REITER, STANLEY W. YURIAN,
BARBARA LEA YURIAN, et al.,

        Defendants and Appellant.


APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell Fillner, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Edward L. Reiter, pro se, Huntley, Montana

    For Respondent:

        Fred E. Work, Jr.; Work Law Firm, Billings, Montana


Submitted on Briefs:  Feb. 23, 1989

Decided:  April 27, 1989

Filed:

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.


Edward L. Reiter appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, granting summary judgment to plaintiff Anna G. Reiter. We affirm.

Edward raises a myriad of rather unique issues which can be boiled down to one general question:

Does a "general lien" based upon breach of alleged contracts to provide equity in land and to convey land upon the death of the owner constitute a valid, enforceable encumbrance against property?

For a number of years, Edward L. Reiter dwelt with his parents, Alex and Anna Reiter, on the family farm located in Yellowstone County. In 1965, Alex Reiter died, leaving Anna as the sole record owner of the land.

Apparently, in the mid-1980's, trouble broke out between Anna and Edward. Anna moved off the farm. Edward remained.

On November 7, 1986, Edward filed a lien against the farm in the amount of $50,000, claiming that from January 1, 1967, through November 1, 1986, he "did 4 years of farm work unpaid for guaranteed use of 80 acres of farmland, thereafter." He took no action to foreclose the lien. In 1987, Anna leased the land to Stanley and Barbara Yurian.

On February 17, 1988, Anna filed a quiet title action against Edward in which she sought to extinguish the 1986 lien. In the complaint, Anna reaffirmed the Yurians' farm lease.

On September 9, 1988, the District Court granted Anna's motion for summary judgment. Thereafter, the court entered

judgment quieting title in Anna and extinguishing Edward's lien. Edward appealed to this Court.

In granting summary judgment to Anna, the District Court treated the lien filed by Edward as a farm laborer's lien. The court concluded that the lien was in violation of § 71-3-401, MCA, as it was not filed within 30 days after the services alleged in the lien were fully performed. The court found, in addition, that the lien was invalid because Edward did not foreclose upon it within the 90-day limitation period provided under § 71-3-405, MCA.

From what we can gather from his briefs, Edward argues that the lien was not a farm laborer's lien but was instead a "general lien" based on two alleged contracts he had entered into with his mother. One agreement, purportedly created in 1969, granted Edward $10,000 worth of equity in the farm for each year he worked on the land without receiving wages. The other agreement, allegedly entered into in 1972, guaranteed the farm to Edward upon Anna's death. Edward claims that he is unable to produce the written agreements for the court because the copies have disappeared from his home and he has been denied access to the originals.

Summary judgment is appropriate when a case presents no genuine issues of material fact and the issues raised can be decided as a matter of law. Rule 56(c), M.R.Civ.P. The action at hand presents such a situation. Even assuming, arguendo, that the alleged contracts between Edward and his mother do exist, Edward's lien must fail as a matter of law.

Edward asserts that he filed a general lien pursuant to § 71-3-101(2), MCA, which provides:

> A "general lien" is one which the holder thereof is entitled to enforce as a security for the performance of all the obligations or all of a particular class of obligations which exist in his favor against the owner of the property.

In the absence of an express agreement to give a lien, a general lien "can be claimed only as arising from dealings in particular trades or businesses in which the existence of a general lien has been recognized by judicial decisions or where a custom to that effect can be established by evidence." Deitchman v. Korach (Ill. App. Ct. 1947), 71 N.E.2d 367, 369.

General liens are looked upon with disfavor. Courts are reluctant to expand them beyond the commercial setting. We have never recognized a general lien for breach of contract to provide equity in land or to convey land upon the owner's death. We refuse to do so now.

Faced with the rather unusual lien filed by Edward, the District Court chose to interpret the encumbrance as a farm laborer's lien. The court correctly concluded that as a farm laborer's lien the encumbrance was invalid and unenforceable because of Edward's failure to take action upon it within 90 days after filing as provided by § 71-3-405, MCA.

Whether Edward's lien was a general lien or a farm laborer's lien, his claim against Anna's property is invalid and unenforceable as a matter of law. The District Court's award of summary judgment to Anna Reiter was proper.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 4 -