DENNIS BENDER, a minor, by IRENE BENDER, his mother and next friend, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellee—(ILLINOIS DEPARTMENT OF PUBLIC AID, Intervening Petitioner-Appellant.)

(No. 55769;

First District—October 17, 1972.

*Rehearing denied November 28, 1972.*

Arthur S. Gomberg and Phillip E. Howard, both of Chicago, (Samuel Nineberg, of counsel,) for appellee Dennis Bender.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Harvey N. Levin, Assistant Corporation Counsel, of counsel,) for appellee City of Chicago.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Samuel E. Hirsch, Assistant Attorneys General, of counsel,) for intervening petitioner-appellant Illinois Dept. of Public Aid.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff sued to recover for personal injuries sustained when he fell on a defective City sidewalk. He was hospitalized and, being eligible for public aid, his medical bills were paid by the State Department of Public Aid (hereafter referred to as the Department). At the appropriate time the Department submitted its lien for expenditures made in behalf of the plaintiff. The personal injury case was settled and at that time plaintiff petitioned the court to reduce the Department's lien on the ground that the medical services rendered did not warrant the amount sought. The court granted plaintiff's petition and the Department now appeals, contending:

(1) The State Department of Aid, a branch of the State of Illinois, has no power under the Illinois Constitution to compromise a claim;

(2) The trial court's actions in this case were arbitrary and did not constitute an adjudication of its lien.

The facts follow.

Dennis Bender, a minor, was injured on August 7, 1965, when he fell while walking on a defective City sidewalk at 203 West Hill Street, in Chicago. At Cook County Hospital he underwent surgery to correct the injury and during the operation the blood supply to his right leg was damaged. This so aggravated the existing injury that he lost a substantial use of the leg, despite three subsequent corrective operations.

The Department filed a lien for 3,153.78, the total amount paid on behalf of the plaintiff. Before the case came to trial the parties, with the aid of the court, negotiated a settlement, at which time plaintiff presented a petition to the court requesting a reduction of the Department's lien because the services received had not been performed in a workmanlike manner. The court held a hearing on this issue and reduced the lien to $1,576.89, whereupon the Department appealed.

■■ The Department contends that it is an agency of the State and therefore, under Article IV, par. 23 of the 1870 Illinois constitution,

powerless to compromise or settle a claim. A compromise connotes an agreement between adverse parties with each party making concessions. Here the Department made no concessions. Indeed, the record indicates that the State was represented at the hearing by three attorneys who were not only opposed to any settlement of the Department's lien, but strenuously objected to its reduction. We find no merit in this contention.

The Department next contends that the court's actions in the instant case did not constitute an adjudication in accordance with Ill. Rev. Stat. 1969, ch. 23, par. 11—22, which provides in pertinent part:

"On petition filed by the Illinois Department, * * * or by the recipient, * * * the court, on written notice to all interested parties, may adjudicate the rights of the parties and enforce the charge."

The trial court spent three days working out a settlement in this case. During that time plaintiff presented a petition to the court asking a reduction of the Department's lien. After the settlement figure was determined the court took evidence, without any objection from the State, regarding the cause, extent and permanency of plaintiff's injuries. At that hearing the Department was represented by counsel. Medical reports were admitted which showed that plaintiff's condition was due largely to the medical care he received. The court heard oral argument presented by counsel for plaintiff regarding reduction of the lien, but was advised by the attorney for the Department that it had no evidence as to the quality of the medical services rendered. The court stated that its decision to reduce the Department's lien took into account plaintiff's petition and the medical reports received at the earlier hearing.

■■ The purpose of the statute involved is to promote the settlement of cases in the proper instance, even in the case of a State-held lien, by allowing the court to adjudicate the lien. A new and subsequent trial on that one issue would serve no substantial interest. Here the court made its determination based on the evidence presented and allowed the parties oral argument. This was an adjudication within the meaning of the statute, and we find no merit in the Department's contention.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.