SECTORIA MADISON, a Minor, by Abbie Madison, Her Mother and Next Friend, Plaintiff-Appellee, *v.* JACOB REUBEN, Defendant—(THE DEPARTMENT OF PUBLIC AID, Intervenor-Appellant.)

(No. 56299;

First District (3rd Division)—February 1, 1973.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe and Herman R. Tavins, Assistant Attorneys General, of counsel,) for appellant Dept. of Public Aid.

Arnold and Kadjan, of Chicago, (Daniel N. Kadjan, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The State Department of Public Aid appeals from an order of the circuit court of Cook County which reduced its lien.

Plaintiff, Sectoria Madison, a minor, filed suit by her mother and recovered a judgment for personal injuries in the amount of $15,000. That judgment was affirmed by this court in *Madison v. Reuben*, 128 Ill.App. 2d 11, 262 N.E.2d 794. The validity of that judgment is not questioned in in the present appeal.

Prior to the entry of judgment, the Department filed a lien, pursuant to Ill. Rev. Stat. 1969, ch. 23, par. 11—22, claiming an interest in plaintiff's cause of action. The trial court granted leave to file an intervening petition and the Department established a lien, admitted by the plaintiff to be valid, in the amount of $1,078.89.

The statute in question permits the Department to seek reimbursement for medical assistance payments made to a minor. The statute further provides in part:

> "On petition filed by the Illinois Department * * * or by the recipient, or by the defendant, the court, on written notice to all interested parties, may adjudicate the rights of the parties and enforce the charge. The court may approve the settlement of any claim, demand or cause of action either before or after a verdict * * *. The court may determine what portion of the recovery shall be paid to the injured person and what portion shall be paid to the Illinois Department * * *."

After this court had affirmed the judgment in *Madison v. Reuben*, plaintiff petitioned the circuit court to adjudicate the Department's lien. Plaintiff's petition set forth that the total amount of proceeds available for distribution, including interest on the judgment, was $16,500. It further set forth that the fees of plaintiff's attorneys were $5,500; that the attorneys' expenses were $858.89; and that a doctor had a claim in the amount of $2,020. The trial court entered an order directing that plaintiff's attorneys' fees and expenses be paid in full; that the doctor's bill be paid in full; but that the Department's lien be reduced by fifty percent. The

order further directed that the balance of the proceeds, $7,581.66, be received by the plaintiff. The Department appeals from that portion of the trial court's order which reduced its lien by fifty percent.

The Department argues that any construction of the above quoted portion of the statute viewing the court's power to "adjudicate" a State lien as including a power of reduction would be void.

Section 23 of Article IV of the Illinois Constitution of 1870, in effect at the time of these proceedings, provided as follows:

> "The general assembly shall have no power to release or extinguish, in whole or in part, the indebtedness, liability or obligation of any corporation or individual to this state or to any municipal corporation therein."

Due to the limitations of this provision of the Constitution then in effect, the legislature had no power to reduce or compromise a valid debt owing to the State, and having no such power, it could not, therefore, delegate such power to anyone. (*Massell v. Daley*, 404 Ill. 479, 89 N.E.2d 361; *Knackstedt v. Department of Mental Health*, 69 Ill.App.2d 98, 216 N.E.2d 517; *In re Estate of Moyer*, 131 Ill.App.2d 915, 267 N.E.2d 713.) We view the above statute as enabling the trial court to examine the merits of the Department's claim and to determine if it represented a valid charge against plaintiff's assets. Once the court had made such a determination, it had no authority to reduce the valid claim of the State.

In the instant case, the plaintiff conceded the validity of the Department's lien. Accordingly, that part of the order of the circuit court reducing the Department's lien to $539.45 is reversed, and the cause is remanded with directions to the trial court to adjudicate the Department's lien in the amount of $1,078.89.

Order reversed and cause remanded with directions.

DEMPSEY, P. J., and McGLOON, J., concur.