*In re* ESTATE OF MARO ZAGORAS, Incompetent—(THE DEPARTMENT OF MENTAL HEALTH, Claimant,Appellant, *v.* HERCULES PAUL ZAGORAS, Conservator of the Estate of Maro Zagoras, Respondent-Appellee.)

(No. 72-29; ▮▮▮▮▮▮▮▮▮▮▮▮▮

Second District—May 15, 1973.

William J. Scott, Attorney General, of Chicago, and Jack Hoogasian, State's Attorney, of Waukegan, (A. Zola Groves, Assistant Attorney General, of counsel,) for appellant.

Hercules Paul Zagoras, *pro se.*

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The Department of Mental Health of the State of Illinois appeals from an order which disallowed the portion of the Department's claim against the Estate of Maro Zagoras, Incompetent, which the trial court found to have been previously canceled by the Department.

On April 26, 1971, the Department filed a claim for $21,123 against the Incompetent's Estate for the net cost of the ward's care from 1952 to 1971 in Elgin State Hospital after deducting payments made by responsible relatives under section 12—12 of the Mental Health Code. (Ill. Rev. Stat. 1971, ch. 91½, par. 12—12.) The conservator objected, principally alleging that $10,541 of the claim had been canceled by the Department on August 7, 1967. The trial court offset the cancellation credit against the total claimed and allowed the net claim of $10,582.

The incompetent was adjudged insane and committed to the Elgin State Hospital on January 7, 1935, and has since been continuously hospitalized. In 1967 the Department made a determination of the charges due for care and treatment, and on August 7, 1967, sent the conservator an official notice of determination which included the following:

> "6. Charges cancelled for a credit of $10,541 EXPLANATION OF ACTION: On the basis of evidence furnished that there are no assets in the conservator account, and that the patient has only an inchoate right of dower, charges to conservator account have been cancelled, and the continuing monthly charge stopped.
> \* \* \*"

On September 21, 1970, the ward's dower rights became choate, follow-

ing which the Department sent a new notice of determination to the conservator and filed the April 26, 1971, claim for $21,123. Of the nineteen years of charges for which the $21,123 claim was filed, fifteen were included in the August 7, 1967 determination.

■■ The Department argues that the cancellation of charges due to the State was not authorized, even if nothing was collectible from the ward's estate at the time of cancellation; that neither the executive, legislative or judicial departments of the State can compromise or cancel any legally owing indebtedness to the State; and therefore that all unpaid charges remain legally due. Respondent argues essentially that the State is barred as to any matters which could have been raised in the 1967 proceedings; and further, that pursuant to section 12—12 of the Mental Health Code (Ill. Rev. Stat. 1971, ch. 91½, par. 12—12), the Department is given authority to cancel charges, subject only to the administrative review of its decision.

As pertinent here, section 12—12 states:

> "Any person who has been issued a Notice of Determination of sums due as treatment charges may petition the Department for a review of that determination. The petition must be in writing and filed with the Department within 90 days from the date of the Notice of Determination. The Department shall provide for a hearing to be held on the charges for the period covered by the petition. The Department may after such hearing, cancel, modify or increase such former determination to an amount not to exceed the maximum provided for such person by this Section.
>
>        *    *    *
>
> In case any patient, the estate of any patient, or the responsible relatives of such patient are unable to pay the treatment charges for the patient provided for by this Act, then the cost of treatment of such patient shall be borne by the State,   *   *   *."

■■ Section 12—12 does not authorize the cancellation of the patient's liability for treatment charges owing the State when the patient and his responsible relatives are unable to pay. The liability of the patient exists at all times. (*Dept. of Public Welfare v. A'Hern* (1958), 14 Ill.2d 575, 579. See also *In re Estate of Grimsley* (1972), 7 Ill.App.3d 563, 566.) The quoted language of the section has been held not to limit the State's right and duty to claim and collect maintenance costs should any liable person or estate acquire the ability to pay in whole or in part. *Dept. of Public Welfare v. Bohleber* (1961), 21 Ill.2d 587, 592, 593; *Dept. of Public Welfare v. A'Hern* (1958), 14 Ill.2d 575, 580-581. See also *Knackstedt v. Dept. of Mental Health* (1966), 69 Ill.App.2d 98, 102—103.

■■ The August 7, 1967 determination in so far as it purported to cancel[1] the liability of the patient's estate for unpaid treatment charges, was made without lawful authority and in contravention of section 12—12 of the Mental Health Code. Under these circumstances the Department was not bound nor was the patient's estate released from liability by the purported cancellation. *Knackstedt v. Dept. of Mental Health* (1966), 69 Ill.App.2d 98, 101-103.

■■■ To adopt the construction of section 12—12 urged by the respondent would raise serious constitutional doubts as to the statute's validity since it would, in effect, allow the extinguishment of a debt owing the State in contravention of section 23, article IV of the 1870 constitution (then in effect). (*Massell v. Daley* (1950), 404 Ill. 479, 484; *In re Estate of Moyer* (1971), 131 Ill.App.2d 915, 916; *Madison v. Reuben* (1973), 10 Ill.App.3d 16, 293 N.E.2d 700.( A reasonable interpretation of the provision that a charge may be modified after a hearing is that it was intended to permit the correction of errors in calculating the charge, and not to authorize cancellation of debts due to the State; and a contrary interpretation which would affect the constitutionality of the Act should be rejected. *Kough v. Hoehler* (1952), 413 Ill. 409, 420; *Continental Nat. Bank v. Toll Hwy. Com.* (1969), 42 Ill.2d 385, 390.

The order of the Circuit Court reducing the Department's claim to. $10,582 is reversed, and the cause is remanded with directions to the trial court to adjudicate the Department's lien in the amount of $21,123.

Reversed and remanded with directions.

GUILD, P. J., and T. MORAN, J., concur.

---

[1] The State has attached as Appendix I of its brief and argument here a prehearing report of the "hearing referee" purporting to relate a March 8, 1967, telephone conversation with the attorney for the conservator in which it was agreed that the billing against the estate would be canceled in the absence of assets but that it was understood that in the event of the death of the spouse of the incompetent when dower bonds would become negotiable assets of the patient, a claim would be filed in the estate against any assets therein at that time. While the estate at no time moved to strike this from the brief, we give it no consideration inasmuch as it was not a part of the record before the trial court.