STEVEN DAVIS, a Minor, by His Mother and Next Friend, BARBARA DAVIS, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.*, Defendants—(THE DEPARTMENT OF PUBLIC AID, Intervenor-Appellant.)

(No. 57021; ▮▮▮▮▮▮▮▮▮▮

First District (5th Division)—March 2, 1973.

*Supplemental opinion on rehearing filed June 29, 1973.*

William J. Scott, Attorney General, of Chicago, (Warren K. Smoot and A. Zola Groves, Assistant Attorneys General, of counsel,) for appellant.

Lloyd P. Douglas, of Chicago, for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This is an appeal by the State of Illinois, Department of Public Aid (hereinafter "the Department"), from an order adjudicating its lien of $1,028.88 for medical expenditures it had made on plaintiff's behalf and allowing the lien in the reduced amount of $100 as part of the settlement in a personal injury case. The Department contends: (1) that there is no statutory authority for a court to adjudicate a reduction in the Depart-

ment's lien, and (2) that a "petition for an adjudication" and notice to the Department were required prior to any such adjudication.

On February 15, 1968, plaintiff filed a complaint against the City of Chicago and Police Officer Strzyzynski for damages resulting from his having been struck by a police car. On October 9, 1969, the trial court allowed the Department to file its intervening petition asserting its lien and to become an additional party to the suit. The intervening petition asked that the Department "be reimbursed for the full amount received, and to be received by said plaintiff from date of injury to date of recovery."

On March 3, 1971, the case was dismissed for want of prosecution, but pursuant to a section 72 petition filed by plaintiff, the dismissal was vacated on July 30, 1971. (Ill. Rev. Stat. 1969, ch. 110, par. 72.) The record does not indicate that the Department was notified of the dismissal, of the pendency of the section 72 proceeding, or of the order vacating the dismissal. On October 7, 1971, an agreed judgment for $15,000 was entered in favor of plaintiff, attorneys' fees were set at $3,750, and the following disposition was made in respect to the Department's lien claim:

> "It is further ordered that the lien filed herein by the Illinois Department of Public Aid is hereby adjudicated to be in the amount of One Hundred ($100.00) Dollars."

The balance, after costs, amounting to approximately $11,000, was ordered to be deposited in a bank for the account of plaintiff until his majority.

On November 5, 1971, the Department filed a petition to vacate the October 7 order on the ground that no "petition to adjudicate nor any notice of any kind was given to" the Department or its attorney prior to the entry of the October 7 order. The judge denied the petition on November 15 in the following order:

> "This cause coming on to be heard on the petition of the Ill. Dept. of Welfare for the court to reconsider its disposition of the lien of the dept and the court being fully advised in the premises.
>
> It is hereby ordered that said petition be permitted to be filed and the court having considered the petition and heard arguments of counsel hereby determines that its previous adjudication of the amount of said lien is correct and finds that the Illinois Dept. of Welfare is entitled to be reimbursed in the sum of $100.00 with respect to the lien it has filed herein."

■■ The Department's first contention in this court must fail in the light of Ill. Rev. Stat. 1967, ch. 23, par. 11—22, as amended in 1967, which provides in part:

"On petition filed by the Illinois Department, or by the local governmental unit or county if either is claiming a charge, or by the recipient, or by the defendant, the court, on written notice to all interested parties, may adjudicate the rights of the parties and enforce the charge. The court may approve the settlement of any claim, demand or cause of action either before or after a verdict, and nothing in this Section shall be construed as requiring the actual trial or final adjudication of any claim, demand or cause of action upon which the Illinois Department, the local governmental unit or county has charge. *The court may determine what portion of the recovery shall be paid to the Illinois Department, the local governmental unit or county having a charge against the recovery.* This Section shall not affect the priority of an attorney's lien \* \* \*." (Emphasis added.)

The cases cited by the Department in its brief held that the court's statutory authority was limited to an adjudication of the validity of the lien and it had no authority to reduce the same. (*In re Poole's Estate*, 26 Ill.2d 443, 187 N.E.2d 231; and *Skaggs v. Junis*, 28 Ill.2d 199, 190 N.E.2d 731.) These cases, however, were decided prior to 1967, in which year the statute was substantially amended, including, among other amendments, the insertion of the emphasized sentence quoted above which expressly grants the court authority to "portion" the recovery among the interested parties subject only to the priority of an attorney's lien.

■■ The Department also argues that prior to an adjudication, a petition must be filed and that there must be written notice to the Department. Both of these arguments are supported by reference to that portion of the statute quoted above. But the Department did file such a petition when it sought and was granted leave to intervene in the lawsuit as an additional party. The Department, like any other party, was entitled to appropriate notice, but like any other litigant, it must keep track of its cases. While it is true that the Department should have been given notice of the section 72 proceeding as required by Supreme Court Rules 105 and 106 (Ill. Rev. Stat. 1969, ch. 110A, pars. 105 and 106), the failure in this regard was cured, since the Department appeared generally, was permitted to file its motion for rehearing, and a full rehearing was conducted, as is indicated from the language of the order of November 15, 1971, from which this appeal is prosecuted.

We are aware of a similar appeal taken recently by the Department in *Madison v. Reuben*, 10 Ill.App.3d 16, 293 N.E.2d 700. There, the court held that the statute authorizing the adjudication of the Department's lien at less than its full amount, was constitutionally infirm in view of Section 23 of Article IV of the Illinois Constitution of 1870 which provided

that the legislature was without the power to release or extinguish, in whole or in part, any indebtedness to the State. The case before us, however, is governed by the Constitution of 1970 which has been in force since July 1, 1971, and contains no similar provision. We therefore believe that the sentence of the statute in question is not unconstitutional and the court in the instant case did have the authority to reduce the Department's lien. See *Bender v. City of Chicago*, 8 Ill.App.3d 267, 290 N.E.2d 376.

■■ We nevertheless believe that this determination of the court's power does not furnish the complete answer to the case, as it must be examined with respect to its particular facts to ascertain whether or not the court abused its discretion in reducing the lien to $100. We conclude that it did. It was ordered that the plaintiff was to receive more than $11,000 from the settlement of $15,000. The Department's lien for $1,028.88 was based entirely on its payment of the plaintiff's medical expenses which would no doubt have been adjudicated for payment to the doctor and hospital had they not been previously paid by the Department. Considering the amount to be received by the plaintiff, we believe that in this case the Department should be reimbursed in full. Accordingly, that part of the order appealed from which adjudicated that the Department be paid $100 out of the judgment proceeds in full satisfaction of its lien for $1,028.88, is reversed and the cause is remanded with directions to order full payment to the Department in the amount claimed.

Reversed and remanded with directions.

DRUCKER, P. J., and LORENZ, J., concur.

### SUPPLEMENTAL OPINION ON REHEARING

Mr. JUSTICE ENGLISH delivered the opinion of the court:

In our opinion as originally filed, we referred to the cases of *Madison v. Reuben*, 10 Ill.App.3d 16, 293 N.E.2d 700, and *Bender v. City of Chicago*, 8 Ill.App.3d 267, 290 N.E.2d 376, both of which were decided on facts arising at the time the 1870 constitution was in effect. A provision in that constitution was held in *Madison* to have deprived the court of the power to reduce the Department's lien. *Bender* held to the contrary. Since the provision in question was omitted in the 1970 constitution, under which the facts in the instant case arose, we were of the opinion that the trial court's decision was not lacking in constitutional authority even though it did represent an abuse of discretion.

The briefing in this case had not invited our attention to the case of

*People ex rel. Hanrahan v. Caliendo,* 50 Ill.2d 72, 277 N.E.2d 319, *appeal dismissed,* 406 U.S. 965, 92 S.Ct. 2412, and we were unaware of that decision until it was cited to us by the Department on Rehearing. In the *Caliendo* case, the Supreme Court was asked to examine the constitutionality of the 1969 Urban Transportation District Act which had been enacted under the constitution of 1870 but was questioned on constitutional grounds after the 1970 constitution had become effective. The court concluded that under these circumstances the constitutionality of a statute must be considered in the light of both constitutions since the adoption of the new constitution does not "validate all statutes enacted under the former constitution regardless of their legality or illegality under the earlier constitution. The issuance of bonds, the levy of taxes, and the construction of improvements will all be under the new constitution, but as the legislative origin of the Act and District was under the earlier constitution, we should consider the legality of that legislation under both constitutions." 50 Ill.2d 72, 76.

■■ We consider that case to be controlling here. We therefore now hold, consistent with the decision in *Madison,* that the trial court in the instant case lacked constitutional authority to reduce the Department's lien. For this additional and more important reason, we therefore adhere to our original conclusion, and again decide that that part of the order appealed from which adjudicated that the Department be paid $100 out of the judgment proceeds in full satisfaction of its lien for $1,028.88, is reversed and the cause is remanded with directions to order full payment to the Department in the amount claimed.

Reversed and remanded with directions.

DRUCKER, P. J., and LORENZ, J., concur.