(No. 45587.—

DENNIS BENDER, a minor, by Irene Bender, his mother and next friend, Appellee, v. THE CITY OF CHICAGO.—(Department of Public Aid, Appellant.)

*Opinion filed Sept. 27, 1974.—Rehearing denied Nov. 26, 1974.*

William J. Scott, Attorney General, of Springfield (John D. Whitenack, Assistant Attorney General, of counsel), for appellant.

Arthur S. Gomberg and Phillip E. Howard, both of Chicago (Samuel Nineberg, of counsel), for appellee.

William P. Tuggle and Joan M. Pucillo, both of Chicago, for *amicus curiae* Health and Hospital Governing Commission of Cook County.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Dennis Bender, the minor plaintiff in this action, tripped and fell on a broken sidewalk in Chicago, suffering injuries requiring four operations on his right hip at Cook County Hospital, and later treatment at Illinois Research Hospital. Suit was filed in 1965 in the circuit court of Cook County seeking damages for the injuries suffered as the result of the alleged negligence of the defendant, the City of Chicago, in failing to keep the sidewalk in safe repair. In 1967 the Department of Public Aid moved to intervene in the action pursuant to section 8–19 of the Public Assistance Code (Ill. Rev. Stat. 1965, ch. 23, par. 819), alleging ·that plaintiff was a recipient of Aid to Dependent Children, that it had paid monies to Cook County Hospital for treatment rendered plaintiff for his injuries and seeking a lien on any recovery from the City in the amount finally paid to the hospital. Leave was granted to intervene, and the amount of aid furnished plaintiff was ultimately determined to be $3,153.78.

Apparently with the assistance of the judge to whom the case was assigned for trial, negotiations in November, 1970, resulted in a settlement providing for the payment of $50,000 to plaintiff. While those negotiations are not, of course, a matter of record, references to them by the parties and the judge indicate some question was raised regarding negligence on the part of the hospital and its agents as a result of which the judge stated the hospital bills should not have been paid in full and determined to reduce the Department's claim. Pursuant to the settlement negotiations a "prove-up" hearing was held. The court, after a perfunctory hearing involving testimony by the plaintiff, a witness to the condition of the sidewalk and

the introduction of recent medical reports by two doctors, entered judgment for plaintiff and against the City in the amount of $51,576.89 which included the agreed $50,000 settlement to be paid plaintiff plus one half of the Department's claim to be paid to it in discharge of its claim. In announcing his judgment the trial court said, in substance, that there was no question that the Department had paid the amount claimed and had taken the necessary steps to perfect its lien, and that the assistants to the Attorney General were strenuously objecting (apparently at some time during the negotiations) to reduction of the claim. He stated, however, that the history of the case given him indicated it could initially have been settled for $4,750, that the plaintiff's condition "may" have been the result of the treatment received by him at the hospital, that the City was being compelled to pay for damages it believed caused by the hospital, that with the three public agencies involved he believed the hospital bills should not have been paid in full and that the fair solution was to require the City to pay only one half of the amount of the departmental claim.

Pointing out that the hospital was paid by the Department several years before there was any indication of doubt as to the quality of its services, counsel for the Department indicated his disagreement with the terms of the judgment apparently agreed to by plaintiff and defendant. Its subsequent apppeal resulted in affirmance by the appellate court (8 Ill. App. 3d 267), and we granted leave to appeal.

The Department urges numerous grounds for reversal including its contention, citing *Davis v. City of Chicago*, 13 Ill. App. 3d 160; *In re Estate of Zagoras*, 11 Ill. App. 3d 355; and *Madison v. Reuben*, 10 Ill. App. 3d 16, that if the applicable statutory provisions are interpreted as permitting a reduction of a valid departmental claim for reimbursement for monies actually paid on plaintiff's

behalf, the statute would violate section 23 of article IV of the 1870 Constitution, which provides:

> "The General Assembly shall have no power to release or extinguish, in whole or in part, the indebtedness, liability, or obligation of any corporation or individual to this state or to any municipal corporation therein."

Consistent with our policy of deciding constitutional questions only where necessary to a disposition of the case (*People v. Fleming,* 50 Ill.2d 141, 144; *Exchange National Bank v. Lawndale National Bank,* 41 Ill.2d 316, 321; *In re Estate of Ersch,* 29 Ill.2d 572, 577), we do not reach that question here, for the judgment must be reversed for other reasons, and the constitutional issue will not arise under the Constitution of 1970, which contains no similar provision.

At the time the injuries were incurred by plaintiff, section 8—19 of the Public Assistance Code of 1949 provided in relevant part:

> "The State Department shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of assistance for the total amount of assistance provided for the recipient and his dependents from the time of injury to the date of recovery upon such claim, demand or cause of action. \*\*\* The charge shall attach to any verdict, judgment or decree entered and to any money or property which may be recovered on account of such claim, demand, cause of action or suit from and after the time of the service of the notice. On petition filed by the State Department, \*\*\* or by the recipient, or by the defendant, the court, on written notice to all interested parties, shall adjudicate the rights of the parties and enforce the charge." Ill. Rev. Stat. 1965, ch. 23, par. 819.

In 1967 the statute was amended to provide:

> "The Illinois Department shall have a charge upon all claims, demands and causes of action for injuries to an applicant for or recipient of financial aid under Articles III, IV and V for the total amount of medical assistance

> provided the recipient from the time of injury to the date of recovery upon such claim, demand or cause of action.
>
> \* \* \*
>
> On petition filed by the Illinois Department, \*\*\* or by the recipient, or by the defendant, the court, on written notice to all interested parties, may adjudicate the rights of the parties and enforce the charge. The court may approve the settlement of any claim, demand or cause of action either before or after a verdict, and nothing in this Section shall be construed as requiring the actual trial or final adjudication of any claim, demand or cause of action upon which the Illinois Department \*\*\* has charge. The court may determine what portion of the recovery shall be paid to the injured person and what portion shall be paid to the Illinois Department \*\*\*." Ill. Rev. Stat. 1969, ch. 23, par. 11—22.

Plaintiff asserts, and the Department, as we understand it, does not deny, that the statute empowers the court to adjudicate the validity of the Department's claim at least to the extent of determining that services were rendered the named recipient, monies paid for those services in the amounts claimed and the necessary steps taken to establish the Department's lien. That these acts occurred here is admitted.

Whatever the ramifications of the statute may be beyond this point we need not in this case explore, for it is not, nor could it be, argued that the court is thereby vested with unlimited discretion to "adjudicate" a claim at 50% of the amount actually paid without supporting evidence justifying such reduction. Even were we to assume, and we do not, that the belated assertion of malpractice charges apparently made during the unrecorded negotiations could be raised as a defense to the Department's claim for reimbursement, adequate proof thereof would be required. There is in this record no suggestion of negligence on the part of the hospitals or the doctors performing the surgery other than the statement in the letter from plaintiff's doctor that "When it [the plaintiff's leg] was initially pinned, likely the blood supply

to. it was seriously damaged, and since then, the process of absorption and decay has progressed." At best, that statement simply suggests the possibility of negligence and the need for further exploration of that possibility.

While we endorse out-of-court and pretrial settlements, and sympathize with the problems facing the trial judges in those endeavors, we cannot affirm the action of the trial judge in "adjudicating" the Department's claim here at 50% of the amount admittedly paid on plaintiff's behalf in the absence of any evidence supporting that action.

The judgments of the appellate court and the circuit court of Cook County are accordingly reversed and the cause remanded with directions to enter judgment ordering payment to the Department of $3,153.78.

*Reversed and remanded, with directions.*