(Nos. 46064, 46779 cons.—

STEVEN DAVIS, Appellant, v. THE CITY OF CHICAGO *et al.*—(The Department of Public Aid, Intervenor-Appellee.)—RICHARD MATTHEWS, Appellee, v. THE CITY OF OLNEY.—(The Department of Public Aid, Intervenor-Appellant.)

*Opinion filed Nov. 27, 1974.—Rehearing denied Jan. 28, 1975.*

No. 46064.—Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County; the Hon. Richard A. Harewood, Judge, presiding.

Lloyd P. Douglas, of Chicago (William J. Harte, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (John D. Whitenack, Assistant Attorney General, of counsel), for appellee.

No. 46779.—Appeal from the Circuit Court of Richland County; the Hon. Carrie L. Winter, Judge, presiding.

William J. Scott, Attorney General, of Chicago (John D. Whitenack, Assistant Attorney General, of counsel), for appellant.

Willis P. Ryan and Dale A. Cini, of Ryan and Cini, Ltd., of Mattoon, for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

On May 25, 1967, plaintiff Richard Matthews, a minor, was injured at New Olney Lake, Olney, Illinois; he subsequently filed a personal injury action against the City of Olney. On January 3, 1968, plaintiff Steven Davis, a minor, was injured by a police vehicle in Chicago, Illinois; he subsequently filed a personal injury suit against the City of Chicago and the police officer who was driving the vehicle. In each case the Department of Public Aid

intervened pursuant to section 11—22 of the Public Aid Code (Ill. Rev. Stat. 1967, ch. 23, par. 11—22) to assert against any recovery by the plaintiffs a lien for medical treatment rendered and paid for by the Department.

In *Matthews* the cause was settled for $131,553.50 and the trial court reduced by 1/3 the State's claim of $15,526.83 in order to assist in the payment of plaintiff's attorney's fees, and also deducted a pro-rata share of the costs from the State's claim. The State appealed and, pursuant to Supreme Court Rule 302(b) (50 Ill.2d R. 302(b)), we transferred the case here.

In *Davis* the matter was settled for $15,000 and the trial court reduced the State's asserted lien of $1,028.88 to $100. On appeal, the Appellate Court for the First District first concluded that the statute (Ill. Rev. Stat. 1969, ch. 23, par. 11—22) allowed the reduction of the State's lien and was not unconstitutional under the 1970 Constitution, but that the trial court had nevertheless abused its discretion in reducing the lien to $100 considering the amount of the recovery and the amount to be received by plaintiff. On rehearing, however, the appellate court determined that the trial court lacked constitutional authority to reduce the State's lien since section 11—22 was enacted under the Constitution of 1870, and section 23 of article IV of that document forbade the release or extinguishment of any indebtedness, liability or obligation to the State. The appellate court concluded that the State's lien should be paid in full. (*Davis v. City of Chicago,* 13 Ill. App. 3d 160.) We granted plaintiff's petition for leave to appeal

Both *Matthews* and *Davis* were consolidated with *Bender v. City of Chicago,* No. 45587, then pending in this court. *Bender* has since been disposed of on nonconstitutional grounds in a separate opinion. 58 Ill.2d 284.

At the time Davis and Matthews filed their complaints, section 11—22 of the Public Aid Code provided:

"The Illinois Department shall have a charge upon all

claims, demands and causes of action for injuries to an applicant for or recipient of financial aid under Articles III, IV and V for the total amount of medical assistance provided the recipient from the time of injury to the date of recovery upon such claim, demand or cause of action.

\* \* \*

On petition filed by the Illinois Department, or by the local governmental unit or county if either is claiming a charge, or by the recipient, or by the defendant, the court, on written notice to all interested parties, may adjudicate the rights of the parties and enforce the charge. The court may approve the settlement of any claim, demand or cause of action either before or after a verdict, and nothing in this Section shall be construed as requiring the actual trial or final adjudication of any claim, demand or cause of action upon which the Illinois Department, the local governmental unit or county has charge. The court may determine what portion of the recovery shall be paid to the injured person and what portion shall be paid to the Illinois Department, the local governmental unit or county having a charge against the recovery." Ill. Rev. Stat. 1967, ch. 23, par. 11—22.

At that time section 23 of article IV of the 1870 Constitution provided:

"The General Assembly shall have no power to release or extinguish, in whole or in part, the indebtedness, liability, or obligation of any corporation or individual to this state or to any municipal corporation therein."

Both claims here involved were settled after the effective date of the Constitution of 1970, which contained no prohibition similar to section 23. Davis's case was settled on October 7, 1971, under the 1967 amendment to section 11—22, while Matthews's claim was settled on February 26, 1974, after the legislature had reenacted section 11—22 in 1973, altering it only to add a provision allowing service of notice by certified mail.

In *Davis*, the appellate court, citing *People ex rel. Hanrahan v. Caliendo*, 50 Ill.2d 72, *appeal dismissed*, 406 U.S. 965, 32 L. Ed. 2d 663, 92 S. Ct. 2412, determined that the constitutionality of section 11—22, which express-

ly grants the trial court authority to "portion" the recovery among the interested parties, must be considered in the light of both the Constitution of 1870 and the 1970 Constitution, since section 11—22 was enacted under the former but was challenged after the effective date of the latter. If the applicable statutory provision is interpreted as allowing a reduction of a valid State claim, there is appellate court authority for the proposition that the statute would then violate section 23 of article IV of the 1870 Constitution. (See *Madison v. Rueben,* 10 Ill. App. 3d 16; *In re Estate of Zagoras,* 11 Ill. App. 3d 355.) Plaintiff contends the statute authorizes such a reduction and that the change in the new constitution eliminating the former prohibition found in section 23 of article IV of the 1870 Constitution makes the exercise of such authority proper. We do not, however, reach the constitutional question here, since it is not necessary to the disposition of the case. (*People v. Bender,* 58 Ill.2d 284; *People v. Fleming,* 50 Ill.2d 141, 144; *Exchange National Bank v. Lawndale National Bank,* 41 Ill.2d 316, 321.) In addition we need not consider plaintiff's claim that section 11—22 conflicts with Federal law, *i.e.,* 42 U.S.C. sec. 1396a(18), because that issue was not raised in the trial court and cannot be considered for the first time on review.

The Davis settlement order reducing the Department's unchallenged claim to $100 left a balance of $11,150 which was deposited to the account of the minor. Whether in other circumstances the statute in question could validly authorize a reduction of the State's lien under the 1870 Constitution need not be determined because, under the facts present here, no reduction was warranted. The State's claim for direct medical expenses should have been paid in full.

In *Matthews* it was undisputed that the plaintiff had received $15,526.38 in medical treatment paid for by the Department of Public Aid, but the trial court reduced that claim to $10,226.09 pursuant to section 11—22 of the

Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, par. 11—22) and *Bender v. City of Chicago,* 8 Ill. App. 3d 267, *rev'd on other grounds,* 58 Ill.2d 284.

Section 11—22 was reenacted by the legislature and approved on August 23, 1973. It became effective on October 1, 1973. The only change made was the addition of a provision authorizing the service of notice of the State's claim by certified mail in addition to registered mail. We are aware of the statutory provision that any statute which is the same as a prior statute shall be construed as a continuation of such prior provision and not as a new enactment. (Ill. Rev. Stat. 1973, ch. 131, par. 2.) In this case, however, we have an unusual situation involving a statute that may have been subject to successful constitutional challenge under the former constitution but has now been reenacted under the 1970 Constitution in which the provisions of the 1870 Constitution giving rise to the challenge do not appear. We also note that section 11—22 was reenacted after the opinions in *Davis v. City of Chicago,* 13 Ill. App. 3d 160, *Madison v. Rueben,* 10 Ill. App. 3d 16, and *Bender v. City of Chicago,* 8 Ill. App. 3d 267, all of which raised questions as to the validity of section 11—22 with differing results. Under these circumstances it may be fairly said that the intent of the legislature, and its principal purpose, in reenacting section 11—22 with only a minor change was to dispel the questions as to its validity.

We believe it is the clear intent of the statutory language used in the reenactment of section 11—22 to permit trial courts to exercise sound discretion in adjudicating charges claimed by the Department of Public Aid and to apportion any recovery between the Department and the plaintiff, taking into account attorneys' fees and costs. Such discretion, wisely exercised, may assist in achieving settlements where trials might otherwise be necessary. We see no merit to the State's claim that this somehow conflicts with 42 U.S.C. sec. 1396a(25), which requires

the State to seek reimbursement for medical assistance where a legal liability has been found to exist in a third party. The Department has clearly sought reimbursement, and we do not believe section 11—22 operates in contravention of this Federal mandate.

Accordingly, we affirm the judgment of the appellate court in *Davis v. City of Chicago* requiring that the Department's lien be paid in full, and we affirm the judgment of the circuit court of Richland County in *Matthews v. City of Olney.*

*Judgments affirmed.*