Roger Sullivan *et al.*, Plaintiffs, *v.* Anthony Sudiak, Defendant-Appellee.—(Roger Sullivan, Plaintiff-Appellee; City of Chicago, Appellant.)

(No. 59420;

First District (5th Division)—July 11, 1975.

William R. Quinlan, of Chicago (Daniel Pascale and Ann Acker, of counsel), for appellant.

Tim J. Harrington, of Chicago (Thomas J. Brophy, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

The City of Chicago (the City) appeals from an order entered in the entitled case in which it was not a party. That order reduced from $708.50 to $200 the amount of a lien claimed by the City for hospital and medical expenses it paid to plaintiff Roger Sullivan (Sullivan). The City contends that the trial court had no authority to make the reduction.

Sullivan, an officer of the Chicago Police Department, was involved in an automobile accident with defendant. At that time he was driving a police squad car accompanied by another officer, Stephen Ergish. As a result of the accident, the City expended $708.50 for treatment of Sullivan's injuries. These monies were paid pursuant to section 22—19 of the Municipal Code of Chicago, which provides:

> "The committee on finance of the city council is hereby authorized, directed and empowered to provide for payment for proper medical care and hospital treatment for accidental injuries sustained by any policeman or fireman, while in the performance of his duties, and to that end may recommend to the city council the authorization for payment of any such necessary expenses."

Although not appearing in the record, the City alleges its Committee on Finance notified defendant that it possessed a lien upon the proceeds of any claim, demand or cause of action which Sullivan had against defendant for the amount of medical expenses it paid. Shortly thereafter Sullivan and Ergish filed an action against defendant seeking damages including reimbursement for their medical and hospital expenses. The City also filed an action against defendant for damage to the police

car involved in the accident, and an order was entered consolidating the two actions. Sullivan then settled his case for $5,000 and, in its order of April 6, 1973, the court (1) severed the City's action for damage to its police car; and (2) ordered that the City's claimed lien for hospital and medical expenses be reduced to $200 and directed Sullivan to pay the City that amount as full satisfaction for the latter's expenditures. The City's motion to vacate that order was denied on May 18, 1973, and it appeals from that order.

OPINION

The City argues that section 22—306 of the Illinois Pension Code (Ill. Rev. Stat. 1973, ch. 108½, par. 22—306)[1] and its implementing section 22—21 in the Municipal Code of Chicago[2] establish a lien in its favor for the recovery of medical and hospital expenses and that neither of the above sections contain any language authorizing a court to reduce the amount due it. The City's contention is predicated on analogizing section 22—306 of the Pension Code with section 11—22 of the Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, par. 11—22) which, in substance, provides that the Department of Public Aid has a charge upon, among other things, causes of actions for injuries to applicant for the total amount of medical assistance provided, and permits trial courts, on "petition filed" by the Department, to exercise some discretion in adjudicating the rights of parties and to apportion any recovery between the Department and a plaintiff.

The Illinois Supreme Court has recently discussed the applicability of this section in the consolidated cases of *Davis v. City of Chicago* and *Matthews v. City of Olney*, 59 Ill.2d 439, 322 N.E.2d 29. In each of these cases, the Department of Health intervened, asserting a lien under sec-

---

[1] Section 22—306 of the Pension Code provides in pertinent part:
"If any such accident shall be due to the negligence of some person or corporation that would be liable in damages therefor, the city or village may recover any expense of medical care and hospital treatment expended by it from the person or corporation liable."

[2] Section 22—21 of the Municipal Code states:
"In the event that the same committee on finance is of the opinion, from all the facts and circumstances presented to it in the said report or otherwise ascertained by it, that such injury was occasioned by the negligence of some other person, or by the negligence of any agent or servant of such other person, the committee on finance shall so notify the corporation counsel; and it shall be the duty of the corporation counsel forthwith to demand from such other person reimbursement for the amount expended by the city for the necessary medical care and hospital treatment of such policeman or fireman; and in default of payment of such amount, the corporation counsel shall institute proceedings to recoup for the city the amount so expended, as provided in the aforesaid act of the general assembly."

tion 11—22 against any recovery by the plaintiff. The actions were subsequently settled, and in each case the liens were reduced by the trial court. The problem presented arose from the fact that section 11—22 was enacted under the 1870 Constitution and continued in effect under the Constitution in substantially the same form. However, section 23 of article IV of the 1870 Constitution provided that the General Assembly had "no power to release or extinguish in whole or in part" an indebtedness to the State or any municipal corporation therein. Thus, serious questions were raised as to the constitutional validity of section 11—22. The supreme court held that it need not reach the constitutional issue of the statute's validity under the 1870 Constitution in that the appellate court was correct in finding that no justification was presented the trial court in *Davis* to reduce the claim, and it had therefore abused its discretion in reducing the claim. Further, the settlement order in *Matthews* which did reduce the charge occurred after the legislature amended section 11—22, which the supreme court construed as a reenactment of the section under the 1970 Constitution.

The City argues here that the settlement order entered on April 6, 1973, came before the reenactment of section 11—22 on November 1, 1973, and therefore a reduction of their claim would be invalid. Their analogy fails in two respects.

First, we fail to see any possible impact a reenactment of section 11—22 of the Public Aid Code (or a failure thereof) could have on the validity of a claim under the Pension Code. Applying the rationale of the *Matthews* case, we note that the provision of the Pension Code upon which the instant claim is predicated was amended by P. A. 77-754, effective August 12, 1971, clearly after the effective date of the 1970 Constitution and prior to the settlement order of April 6, 1973. Therefore, it should be construed as reenacted under the 1970 Constitution prior to the settlement order.

Secondly, we fail to see the analogy between the cited provision of the Public Aid Code and the Pension Code. While the former is explicit in granting a "charge" or lien upon any claim, the latter, we believe, fails to create such a right.

■■ Liens can be created only by agreement or by some fixed rule of law. (25 Ill. L.&Pr. *Liens* § 3 (1956).) They usually arise by statute, by contract, or by the usages of trade or commerce. (*Deitchman v. Korach*, 330 Ill.App. 365, 71 N.E.2d 367.) Here, it is only contended that the lien is created by section 22—306 of the Pension Code.

■■ The cardinal rule to be followed in construing a statute is that it must be interpreted in such a manner as to ascertain and give effect to the intention of the General Assembly as expressed in the statute. (*Lin-*

*coln National Life Insurance Co. v. McCarthy,* 10 Ill.2d 489, 140 N.E.2d 687; 34 Ill. L.&Pr. *Statutes* § 113 (1958).) The legislative intent should be sought primarily from the language used in a statute and, if such intent can be ascertained therefrom, it should prevail without resorting to other aids for construction. *Weiss Memorial Hospital v. Kroncke,* 12 Ill.2d 98, 145 N.E.2d 71.

Section 22—306 of the Pénsion Code [3] provides that a city "may recover any expense of medical care" from the party liable, yet the statute fails to state the precise manner in which recovery is to be made. We believe that the provisions of section 11—22 of the Public Aid Code are distinguishable in that the language of section 11—22 is explicit in establishing a lien. It provides that the Department *"shall have a charge upon* all claims, demands and causes of action for injuries   *   *   * for the total amount of medical assistance provided the recipient   *   *   *."* (Emphasis added.)

The City further attempts to parallel the Pension Code to section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.5(b)). However, there also the language and intent of the legislature is clear in expressly creating a lien through the use of the following language.

> "If the injured employee or his personal representative agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the *employer may have or claim a lien upon any award,* judgment or fund out of which such employee might be compensated from such third party." (Emphasis added.)

■■ Furthermore, we note that in section 22—308 of the Pension Code the legislature clearly expresses its intent to create a "lien" in favor of a municipality in any fund which a representative of a deceased fireman or policeman may recover on behalf of the decedent. That section states, in pertinent part:

> "If the action against such other person is brought by the personal representative of such deceased policeman or fireman, and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then the amount received by such representative shall be deducted from such

---

[3] We note parenthetically that section 22—306 was amended effective August 12, 1971, to exclude from its application "any city or village which is a home rule unit." Due to our disposition of this cause, we believe it unnecessary to discuss the legal ramifications of this amendment.

award or allowance. *Such city or village may have or claim a lien upon any judgment or fund* out of which such representative might be compensated from such third party, for any moneys paid out of such award or allowance previous to such judgment or settlement." (Emphasis added.)

Inasmuch as both sections 22—306 and 22—308 are in the same division of the Pension Code, and because clear language providing a lien is used in section 22—308 but not in section 22—306, it appears to us that it was not the legislature's intent to create a lien in section 22—306.

■■ Our conclusion in this regard is reinforced by the provisions of section 22—11 of the Chicago Municipal Code which implement section 22—306 of the Pension Code. Section 22—11 requires that there be a demand on the third party claimed to be at fault and, should there be a failure to reimburse the City, that "the Corporation Counsel shall institute proceedings to recoup for the city the amount so expended \* \* \*." We believe this language does not envision a lien but, rather, a right of subrogation. In *Dworak v. Tempel*, 17 Ill.2d 181, 190, 161 N.E.2d 258, citing *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill.2d 273, 283, 122 N.E.2d 540, the supreme court commented on the common-law right of subrogation and noted that, although a volunteer has no right of subrogation:

> "[A] person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful acts of another will be given the rights of the injured person against the wrongdoer."

However, as stated in 34 Ill. L.&Pr. *Subrogation* § 13 (1958):

> "The doctrine of subrogation is not self-executing, and a person by payment does not ipso facto become subrogated to the rights of the creditor, but only acquires a right to such subrogation, which must be actively asserted before subrogation can actually take place."

■■ Moreover, in its order reducing the City's claim, it appears that the trial court examined and considered only the pleadings. Such a practice was recently discredited in *Bender v. City of Chicago*, 58 Ill.2d 284, 319 N.E.2d 34, where the supreme court reversed the reduction of a lien in settlement negotiations between the Department of Public Aid and the City. In *Bender*, it was noted that the statute creating the lien in favor of the Department allowed adjudication of the rights of the parties, but the court stated at page 289:

> "While we endorse out-of-court and pretrial settlements, and sympathize with the problems facing the trial judges in those endeavors, we cannot affirm the action of the trial judge in 'ad-

judicating' the Department's claim here at 50% of the amount admittedly paid on plaintiff's behalf in the absence of any evidence supporting that action."

Thus, even assuming a lien existed, there being no evidence to support the reduction, we believe this cause would have to be reversed under the authority of *Bender*.

■■ Furthermore, we note that the record contains no pleading which makes any reference to the right of the City for reimbursement of Sullivan's medical expenses. Inasmuch as we have held that section 22—306 creates no lien and, because the City has not asserted its right as subrogor to recover the amount it expended, we conclude that this claim was not before the trial court. As expressed in *Vincent v. McElvain*, 304 Ill. 160, 163, 136 N.E. 502:

"It is well established by repeated decisions of this and other courts that a suit or action is commenced when a party puts in motion, under his claim, the instruments of the court. Where the court is one of general jurisdiction it acquires jurisdiction of the plaintiff and the plaintiff's cause when he applies for its power and assistance to compel the defendant to render him his rights under the law."

Here, jurisdiction over the City was established by its complaint for property damage to the police car. However, no cause for relief was ever presented to the court for reimbursement of medical expenses paid on behalf of Sullivan. The court, therefore, lacked the authority to act upon it.

For the reasons stated, we reverse the trial court's order insofar as it reduced the City's claim to $200 and directed Sullivan to pay that amount in full satisfaction thereof. In so finding, we do not derogate the right of the City to take available legal means to recover the amount it expended.

Reversed.

LORENZ and DRUCKER, JJ., concur.