48

CALVIN JOHNSON, Plaintiff-Appellee, *v.* CHARLES LYNCH, Defendant.— (THE DEPARTMENT OF PUBLIC AID, Intervenor-Appellant.)

First District (5th Division)    No. 63054

Opinion filed April 23, 1976.

William J. Scott, Attorney General, of Chicago, (Paul V. Esposito, Assistant Attorney General, of counsel), for appellant.

Philip H. Corboy & Associates, of Chicago (Philip H. Corboy, Susan E. Loggans, and Terence J. Mahoney, of counsel), for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

The Department of Public Aid (Department) appeals from an order reducing its charge upon plaintiff's recovery in this personal injury action from $2,375.18 to zero. It contends that the trial court abused its discretion as a matter of law by adjudicating the perfected charge to zero.

The underlying facts of this case are not in dispute. Plaintiff was injured when the motorcycle he was driving collided with defendant's automobile. On September 10, 1974, plaintiff filed this suit in the circuit court of Cook County. The case was settled by agreement of the parties for $10,000.

Prior to this settlement, the Department asserted its charge for $2,354.53 for medical expenses paid by the Department from August, 1974 through March, 1975. Pursuant to section 11—22 of the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 11—22) the Department perfected its

charge for money paid to plaintiff by serving notice upon all parties of its claim.

Subsequent to this settlement, plaintiff filed a petition to adjudicate the Department's charge. On August 7, 1975, the trial court "having heard the arguments of counsel and being fully advised in the premises" ordered the stated reduction in the Department's claim. On September 2, 1975, the Department moved to vacate the trial court's order, or, in the alternative, to set the matter for an evidentiary hearing to determine the factual basis for a proper adjudication of the lien. The trial court denied this motion.

On October 3, 1975, the trial court granted the Department's motion to intervene and this appeal followed.

Opinion

■■ Plaintiff has preliminarily argued that the record on appeal does not present sufficient facts for review of the Department's contention. The record contains neither a report of proceedings, if any exists, a certified report from recollection, nor an agreed statement of facts. Further, the judgment order specifically states that the trial court heard the arguments of counsel and was fully advised in the premises before reaching its decision. We recognize that in the absence of a more complete report and by virtue of the specific wording of its judgment, a presumption in favor of the trial court's ruling arises. *Flynn v. Vancil*, 41 Ill. 2d 236, 242 N.E.2d 237; *Amalgamated Trust & Savings Bank v. Conrad Kern Co.*, 34 Ill. App. 3d 430, 340 N.E.2d 36.

Nonetheless, the record unequivocally demonstrates that the Department moved for an evidentiary hearing to establish the factual basis for its claim. The trial court denied the motion. In *Bender v. City of Chicago*, 58 Ill. 2d 284, 319 N.E.2d 34, our Supreme Court refused to uphold a 50% reduction of a similar charge when the record did not contain sufficient supporting evidence justifying such reduction. In the instant case, the combination of the trial court's refusal to provide defendant with the requested evidentiary hearing, the absolute nature of the reduction, and the lack of supporting evidence to justify the reduction, all lead us to reject the presumption in plaintiff's favor and proceed to a consideration of the Department's contention on appeal.

■■ The Department contends that the trial court abused its discretion as a matter of law when it adjudicated the perfected charge to zero. Section 11—22 of the Illinois Public Aid Code provides in pertinent part:

> "The court may determine what portion of the recovery shall be paid to the injured person and what portion shall be paid to the Illinois Department * * *."

The Department argues that its right to a "portion of the recovery" precludes the court as a matter of law from finding that it is entitled to

nothing. We cannot agree that the statute requires a mandatory apportionment of some amount to the Department.

In *Davis v. City of Chicago*, 59 Ill. 2d 439, 332 N.E.2d 29, our Supreme Court held that it was within the sound discretion of the trial court to adjudicate charges claimed by the Department and to apportion any recovery accordingly. Consequently, unless the Department could show that the trial court abused its discretion in adjudicating the amount due to zero, we believe that the court could correctly find that no apportionment should be made to the Department.

From the record presented we cannot say that the trial court abused its discretion, and, therefore, we affirm the judgment of the circuit court.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.