LEROY QUINN, Plaintiff-Appellee, *v.* FIRESTONE TIRE & RUBBER COMPANY, Defendant.—(ARTHUR F. QUERN *et al.*, Intervenors-Appellants.)

First District (4th Division)    No. 77-1846

Opinion filed May 18, 1978.

William J. Scott, Attorney General, of Chicago (Ellen P. Brewin, Assistant Attorney General, of counsel), for appellant Illinois Department of Public Aid.

No brief filed for appellant Arthur F. Quern.

No brief filed for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:
This is an appeal from the circuit court of Cook County. The trial court adjudicated the lien of the Illinois Department of Public Aid which

amounted to $4,207.70 against the proceeds of the plaintiff's cause of action. The Department appeals from the adjudication of the trial court.

The issues presented for review are whether or not the trial court abused its discretion in reducing the Department's lien and whether or not the Department's lien should have been given precedence over all other liens.

The facts of the case are the plaintiff fell outside the defendant's store. As a result of the fall the plaintiff sustained injuries and he filed a complaint at law alleging the negligence of the defendant was responsible for those injuries. The medical treatment for the plaintiff was paid for by the intervenor, Illinois Department of Public Aid. Before trial, the plaintiff was able to settle his cause of action for $1,800. He then filed a petition to adjudicate the lien of the intervenor. Over the objection of the Department, the trial court adjudicated their claim and allowed $200. The plaintiff received $800, his attorney received $322.24 and costs, and a private physician received $300. The Department urges this court to hold the trial judge abused his discretion and cites the case of *Davis v. City of Chicago* (1974), 59 Ill. 2d 439. We do not believe the facts of this case are remotely comparable to the facts in *Davis*. In the *Davis* case the settlement was for $15,000. The lien of the Department was for $1,028.88 and was adjudicated down to $100. In the *Davis* case the plaintiff retained $11,150. In the instant case there was obviously no windfall recovery by the plaintiff to the detriment of the Department. The trial judge in the instant case was well within the limits of judicial discretion in the adjudication of the claims and we will not overturn his decision.

As to the issue of the Department's claim its lien should be given precedence over all other liens, the Illinois Public Aid Code (Ill. Rev. Stat. 1975, ch. 23, par. 11—22) specifically provides for the settlement of causes of action where the Department has a lien and the adjudication of the Department's claim. The reduction of the Department's lien was well within the sound discretion of the trial judge and he followed both the decisions of the Illinois Supreme Court and the pertinent sections of the Public Aid Code in arriving at his decision.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.